## No. 11,846.

Briggs *v.* Robinson.

Decided May 31, 1927.

Action to rescind contract. Judgment for plaintiff.

*Affirmed.*

1. CONTRACT—*Rescission.* While generally a mere breach of contract does not justify the equitable relief of rescission, if the facts produced at the trial clearly show that the injury caused by the breach is irreparable or where damages that might be awarded would be difficult or impossible of ascertainment or inadequate, the injured party may resort to the equitable remedy.

2. *Rescission.* Building contract held properly rescinded where improper materials and defective work were being furnished.

3. *Rescission—Damages.* Where a contractor breached a building contract justifying rescission by the owner, profits he might have earned are not a question at issue in determining the amount due him for materials and labor furnished before the rescission.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

1

Mr. F. D. TAGGART, Mr. MANDELL LEVY, for plaintiff in error.

Mr. JOHN H. MOORE, Mr. DEE H. BEER, Mr. C. D. STONER, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action for the rescission of a building contract entered into by the plaintiff Robinson, owner, and the defendant Briggs, contractor, whereby the latter agreed to erect for the former a small dwelling house on the owner's lots in Denver and furnish the labor and material therefor at the agreed price of $5,100, according to plans and specifications agreed upon by the parties. After excavation for the cellar was made and the builder had begun to lay the foundations for the walls of the superstructure, the plaintiff owner, being dissatisfied with the material employed in the doing of the work, and the workmanship in laying the foundation, elected to rescind the contract and notified the defendant contractor to cease further work. The defendant refused to comply with the demand for cessation of the work, whereupon the plaintiff brought his action of rescission, and as temporary relief, asked for and was granted a temporary writ of injunction to restrain the defendant from proceeding further with the work pending determination of the action. Upon the final hearing before the court without a jury, the findings of fact were for the plaintiff and a decree was entered rescinding the contract and making the temporary injunction permanent. Upon defendant's cross-complaint the court gave judgment to him for $116.36, together with interest and costs, the same being the value of the labor done and material furnished by the defendant that went into the construction of the house for the plaintiff's benefit be-

fore defendant stopped work. Defendant is here with his writ of error. His assignments are: (1) That the injunction was not proper; (2) that the case as made was not one for rescission; and (3) that the judgment on the cross-complaint in his favor was too small a sum.

Defendant admits that if the plaintiff was entitled to a rescission, awarding the temporary and permanent writs was right. He insists, however, that a mere breach of contract does not justify the equitable relief of rescission and cites 9 C. J. p. 1181. Such seems to be the general rule but there are, of course, exceptions thereto. If an action at law will afford to the complaining party adequate and complete relief by way of damages, the equitable remedy is unnecessary. Exceptions to the general rule are recognized by the authorities cited by defendant. Where the facts produced at the trial clearly show that the injury caused by the breach of the contract in one or more of its essential parts is irreparable; or where damages that might be awarded would be difficult or impossible to determine or inadequate, the injured party may resort to the equitable remedy. 6 R. C. L. sec. 311, p. 926, under the heading, "Contracts."

The complaint in this case alleges and the evidence tends to establish and the court must have found, that, as a practical proposition, the injury to the plaintiff by reason of the imperfect work in laying the foundation for the building, and his inattention and absence from the place of work, and the consequent lack of supervision of his employees, and the use of improper material different from and inferior to the material prescribed by the plans and the specifications, and the threat or disposition of defendant not to conform to the essential terms of the contract justified a resort to equity. Irreparable damage in such a case does not mean that a sufficient amount of money might not afford adequate relief if the same was reasonably susceptible of ascertainment. But where, in the nature of things, it would be impossible or very difficult to ascertain the extent of

the financial loss resulting from such imperfect work and improper use of inferior material, the injury, in a legal sense, is irreparable and equity will afford the only full and adequate relief. The evidence in this case further tends to show, and the court found, that the foundation for the superstructure as it was being laid by the defendant was not only insufficient for the support of the building, but was contrary to the provisions of the building code or ordinances of the city of Denver. The representative of the city government condemned the work that was being done and the material that was being used by the defendant. The evidence tends to show, and the court evidently believed, that the defendant would continue to use such improper material and do defective work. A building resting upon such foundation would not be the kind of a building that the plaintiff contracted for, and it would be difficult, if not impossible, in case the owner wished to sell, to determine how much, and to what extent, such defective work and improper material might affect the selling price. The fact that the defendant corrected or attempted to correct or remedy the defective work is not enough to destroy plaintiff's right to a rescission. Defendant's conduct during the short time that he was engaged in the performance of the contract, indicated to the mind of the trial court, at least, an intention not to execute the contract in its essential terms. The plaintiff was not required further to trust him, so the trial court found, to do in the future what he had failed to do in the past. And the defendant's promise to conform to the contract in the future was tardy and made only after he was detected in its violation in the past. This case is merely one where the trial court was abundantly justified in finding that there were equitable grounds for rescission of the contract. That being so, the decree granting rescission was right and it necessarily follows that there was no error in the granting of the temporary and permanent writs of injunction.

As to the defendant's assignment of error to the judgment in his favor on the cross-complaint that the amount

awarded is insufficient, it is enough to say that the trial court upon conflicting testimony found for the defendant, not the full amount asked for, but what the evidence showed to be the value of the work done and materials furnished up to the time when he was ordered by the plaintiff to cease further work upon the building. It is proper further to say that the evidence is uncontradicted that the defendant was not giving to this job the supervision which his contract called for, and that he refused to allow plaintiff to come upon the premises as he demanded for the purpose of inspecting the work as it progressed. Under the findings of the court it is immaterial what the proper rule of damages is in a case where a contractor is wrongfully prevented by the owner from completing a building which he had agreed to erect. Profits that defendant may have earned are not a question at issue in this case since the court found that he had been guilty of such a violation of the terms of the contract as warranted a rescission at the instance of the owner. The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.