No. 13,345.

GREGG v. GREEN.

(35 P. [2d] 495)

Decided July 2, 1934. Rehearing denied July 23, 1934.

Messrs. Dickerson & Morrissey, Mr. George O. Bakke,

Mr. C. W. Darrow, Mr. C. H. Darrow, for plaintiff in error.

Mr. Frank Delaney, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

In a suit seeking cancellation of an agreement relative to land, defendant's demurrer to the complaint was sustained. Plaintiff elected to stand on his complaint and suffered judgment of dismissal. Error is assigned.

It appears that on October 27, 1931, plaintiff, the owner of a certain property in Garfield county, known as Sweetwater Lake Ranch, entered into a written contract with defendant, whereby, on terms and conditions set forth, the latter was to have the exclusive right to operate and manage the ranch until April 1, 1937; that in addition to the ranch proper, including two cabins, there were boats and other personal property and equipment, all used and to be used in conducting and operating a fish-

ing and hunting resort on said premises; that defendant was to have all crops grown upon the land save sufficient hay for horses belonging or used thereon, and whatever profit resulted from conducting a dining room on the ranch; that all income accruing from the operation of the ranch as a resort was to be divided equally between the parties, concerning which defendant was to keep proper books, subject to plaintiff's reasonable inspection, and account to plaintiff at least as often as every six months; that plaintiff was to furnish necessary material and defendant the labor for the construction of not less than twelve cabins on the premises; that defendant was to make prompt payment for any labor he employed on the premises, thus to prevent mechanics' liens, and, if filed, to cause same to be discharged of record within thirty days, at his own expense; that neither party was to contract any indebtedness nor incur any obligation for which the other party or the premises could be held liable. The contract contains other provisions, but we have outlined the portions material to our inquiry. It does not contain a forfeiture clause.

In a complaint filed May 26, 1933, plaintiff alleged that defendant failed to keep proper or any books of account with regard to the transactions conducted by him in the premises, and failed, neglected and refused to render an account to plaintiff; that defendant failed to pay wages and claims for labor on the ranch, by reason whereof one mechanic's lien was filed, which he failed to cause to be discharged, and other bills have been incurred for which liens may be filed; that defendant failed to construct twelve or any cabins on the premises, as the result of which much income has been lost to plaintiff; that disregarding the contract and plaintiff's express desire, defendant demolished one of the two cabins on the premises at the date of the contract; that defendant contracted indebtedness by purchasing, and causing to be charged to plaintiff, certain material delivered to the ranch, to plaintiff's injury and damage, for which mechanics' liens may

be filed; that on the ranch there is a mountain home belonging to plaintiff, not part of the resort, and to which defendant acquired no right under the agreement, but which he invaded and threatens, and is about, to permit persons unknown to plaintiff to occupy; that in said home there are many articles of personal property belonging to plaintiff liable to damage, destruction or loss if defendant or strangers have access thereto; that defendant refuses to permit plaintiff's personal representative to go upon said ranch or to occupy said home or residence, or guests invited by plaintiff, to enter into said residence, and conducts himself as if he were the owner of the premises, to plaintiff's great injury and detriment; that defendant has received and appropriated to his own use large sums of money as the result of his operation of the premises as a resort, and threatens to, and unless restrained will, collect and appropriate to his own use other and further sums; that plaintiff has done and performed the covenants, stipulations, terms and agreements upon his part to be done and performed, and that defendant has received from plaintiff every matter and thing to which he was entitled under the contract; that defendant is wholly insolvent, and the plaintiff has no plain, speedy or adequate remedy at law. Plaintiff prayed determination: That defendant had breached the contract, forfeited all rights thereunder, and for cancellation; that defendant should vacate the premises by a day to be decreed; that an accounting be had and the sums due plaintiff be determined, to be paid within a time adjudged; that pending the litigation, a temporary injunction issue restraining defendant from collecting or receiving any money or personal property from the operation and management of the resort, to be made permanent on final hearing; that pending the litigation defendant be enjoined from interfering with plaintiff, his agents, servants or representatives in their free access to, and use of, the premises and the residence of plaintiff thereon; for costs and general relief.

We are disposed to conclude that plaintiff stated a cause of equitable cognizance. The allegations are to the effect that defendant has failed to observe his material promises, and is insolvent. The property involved was recognized by the parties as of value mainly for resort purposes, accommodating hunters and fishermen. The clear intendment of the contract was that twelve or more cabins should be constructed on the premises, for by their employment the income from the property would be enhanced. Plaintiff says he has done everything required of him, but that defendant has refused to carry out his part of the compact. Defendant was to supply all labor for the erection of the additional cabins, and that they have not been erected is apparently attributable to defendant's failure to perform. The apparent wrong is intensified when we notice the further allegation that he has destroyed one of the cabins on the place when he took charge, wasteful in itself. It is alleged that he has taken in large sums of money, but keeps no books showing the items or extent thereof, refuses to pay plaintiff any money and has appropriated, and continues to appropriate, the proceeds of the earnings of the ranch to his own use. He has allowed at least one mechanic's lien to be filed against the ranch, has not caused it to be released of record, all contrary to the plain provisions of the contract, and has done other things said to indicate the likelihood of further liens. In brief, according to the allegations, defendant, insolvent, is violating every essential promise of his agreement, to plaintiff's irreparable damage. The alleged circumstances are such as to convince us defendant does not intend to comply with the terms of the contract, and the breaches alleged are inconsistent with an intention to be bound by its terms. Equitable rescission is a proper remedy. 6 R. C. L., pp. 927, 928, §311.

Defendant is not only not able to respond in damages, but because he has not kept books of account and will not advise plaintiff of the receipts, ascertainment of

damages is practically impossible. "Where damages that might be awarded would be difficult or impossible to determine or inadequate, the injured party may resort to the equitable remedy." *Briggs v. Robinson,* 82 Colo. 1, 256 Pac. 639. Defendant's neglect to provide the additional cabins, his destruction of one cabin, thus hampering opportunity to derive revenue, adds to the difficulty and precludes a measurement of the damages. Remedies known only to the law are inadequate. Therefore, defendant's alleged conduct considered, we think he should be required to answer to the chancellor, that in equity and good conscience the very right of the matter may be determined. *Cahill v. Readon,* 85 Colo. 9, 273 Pac. 653. Otherwise, the hapless and helpless plaintiff will be at the mercy of the insolvent defendant to the end of the term.

We do not regard the lack of forfeiture clause in the contract as controlling. By commission, certainly, and omission, apparently, defendant has been guilty of waste, to prevent which, equity may be invoked and cancellation ordered. *Higinbotham v. Wolford,* 101 Or. 53, 198 Pac. 923.

Defendant's exercise of dominion over the premises suffices on the question of his possession.

Let the judgment be reversed. The demurrer to be overruled.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.