No. 15,262.

WOOD *v.* ELLIS.
(161 P. [2d] 777)

Decided July 2, 1945.   Rehearing denied September 10, 1945.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for plaintiff in error.

Mr. J. FRED SCHNEIDER, Mr. CHARLES H. HAINES, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by defendant in error, plaintiff below, against plaintiff in error, defendant there, based on a written instrument dated March 8, 1941, to the effect, as plaintiff alleged, that, "Defendant agreed to sell and convey to plaintiff by good and sufficient warranty deed, without exception, a clear and unincumbered title to" certain real estate in the complaint described, "for the total purchase price of eleven hundred dollars * * * of which amount plaintiff paid fifty dollars * * * in cash and agreed to pay the balance upon delivery of deed with abstract showing marketable title." Plaintiff further alleged that, "Thereafter defendant sold and conveyed said property to some person unknown to this plaintiff for the sum of seventeen hundred dollars * * * without the knowledge or consent of plaintiff, whereby plaintiff was damaged in the sum of five hundred dollars * * *."

Defendant answered variously, including ample denials, and particularly to the effect that, "he did not own the property * * *," as "was known to the plaintiff." Further, that the contract to which reference is made in the complaint was but "an offer in writing to purchase certain property, * * * for the sum of $1,100," which "was subject to the approval and acceptance of the owner of said property. That the owner * * * refused to sell * * * for the sum of $1,100 and refused to approve or accept the offer so made," etc. "That said plaintiff thereupon demanded the return of her deposit and the said deposit was duly returned to her." In exposition of the contract, defendant pleaded and exhibited it. Trial to the court resulted in a judgment for plaintiff in the sum of five hundred dollars.

For convenience of reference we have numbered the paragraphs of the contract, and, as thus marked, it reads as follows:

1. "Received from Nellie. B. Ellis the sum of $50.00 as part purchase and deposit on the real property at 545 Lowell St. legally described as follows Lots 25 and

26 Block 2, Crisps Addition, City and County of Denver. Said purchaser agrees to pay for said real estate the entire purchase price of $1100.00 payable as follows. $50.00 upon the execution of this agreement the receipt of which is hereby acknowledged. The balance to be paid in cash upon delivery to the buyer of a good and sufficient warranty deed with abstract showing good marketable title.

2. "It is a part of this agreement that there is to be placed on said property a satisfactory loan for the purpose of help paying the purchase price, said loan must meet with the approval of the buyer.

3. "It is understood the above described property is to be sold for $1600.00 on a payment plan and agreement must be signed by a bonafied [sic] buyer before this deal is closed.

4. "Taxes, water rent, Ins. rent to be prorated at the closing of the deal.

5. "In case evidence of good title is not furnished to the buyer within two weeks from this date the amount of this receipt to be refunded.

6. "If any of the above set forth terms are not complied with this offer and agreement is null and void and the amount of the deposit to be returned to the buyer.

7. "Bill of sale of furniture to go to buyer when deal is closed.

"Nellie E. Ellis, Buyer. Lloyd W. Wood, Broker, . . . . . . . . . . Seller."

It appears that defendant was not the owner of the property involved, a fact of which plaintiff was well advised; that such owner was a Mrs. Mary C. Wood, not related to defendant, nor was she known to either of the parties here; that plaintiff "was experienced in buying and selling real estate on her own account;" that defendant, and a Mrs. Ina B. Lindsey, who at all times was Mrs. Wood's agent and representative in the

matter of the property, were licensed and experienced real estate brokers; that Mrs. Lindsey's representation of Mrs. Wood comprehended both the rental and sale of the property, the listed sale price being sixteen hundred dollars, to be paid by the assumption of a Home Owners Loan Corporation mortgage and the balance in cash; that in the interest of making a sale of the property Mrs. Lindsey called defendant's attention thereto, who, January 28, 1941, submitted to her "a written offer of $1,100.00 cash for the property and made a deposit of $50.00;" that February 24, 1941, in relation to the same property, defendant received from one Vincent H. Derieg a deposit of $10.00, and receipted therefor as a broker in an instrument reciting that the whole price of the property was to be $1,500 on time payments, and subsequently, in payments, he received $80.00 more; that March 8, 1941, he and plaintiff signed the instrument on which the action is based, already set out, and in which plaintiff required that the property be resold to a bona fide buyer for $1,600.00 on a payment plan and agreement;" that subsequently, although the written instrument was not changed in that particular, plaintiff required that the resale must be in the sum of $1,700.00, the extra one hundred dollars to cover defendant's commission of five per cent for making that sale, or $85.00, plus "abstract expense," items properly to have been borne by plaintiff, as in the assumed to be state of the title she would be selling the property; that in compliance with plaintiff's demand in that regard, defendant induced Derieg to increase his offer to the sum insisted upon by plaintiff, or $1,700.00, and the Derieg receipt was altered accordingly. It appeared from the testimony of Mrs. Lindsey, the sole agent of the owner of the property and the only person shown to have contacted her, which was not contradicted in any particular, that Mrs. Wood would not sell for less than $1,150.00, and since that sum was more than the offer made by defendant, and on which he had

made a deposit of fifty dollars as already stated, she, as agent for Mrs. Wood, sold the property to one Berry for the sum of $1,150.00, cash, less the H.O.L.C. mortgage, pursuant to which sale, and in exact accordance with the terms just stated, Mrs. Wood conveyed the property to Berry; that the commission paid by Mrs. Wood, $50.00, was received by Mrs. Lindsey, no part of which was paid to defendant, a statement not controverted. It further appeared that Berry then conveyed the property to Derieg for $1,700.00, in payments, in accordance with the instrument which defendant and Derieg had signed, as already has been stated, and for the sale from Berry to Derieg, defendant received a commission of $85.00, or five per cent, precisely what he would have received had plaintiff purchased the property and resold to Derieg, as was her purpose. The payments defendant received from Derieg, stated above, were accounted for when conveyance was made to the latter. There was no evidence that the sale which Mrs. Wood made to Berry, made by her own agent, Mrs. Lindsey, and not by defendant, profited defendant by as much as a penny. It was through the sale to Derieg that he derived a commission of $85.00, and that was neither more nor less than he would have received had plaintiff got title to the property, as in that event it was her purpose to make the identical disposition thereof. The only difficulty in the whole transaction, was, that the owner of the property, who originally listed it for sale at $1,-600.00, and who, while she had been prevailed upon to reduce the price to $1,150.00, would not consent to an added reduction of $50.00.

Defendant's specification of points for reversal comprehend two challenges to the judgment which we think are determinative of the controversy: 1. The language of the "so-called contract" considered, it was not enforceable, and, as disclosed by the record, the parties knew that unless the owner of the propery would consent to sell and convey at the price they had fixed, fu-

tility would attend their efforts. 2. Assuming otherwise, and that by the terms of the instrument defendant had bound himself in such manner that plaintiff's thwarting entitled her to sue him for damages, by her action in demanding and receiving the deposit she had made on the property, she rescinded the contract in its entirety.

■ 1. The gravamen of defendant's alleged offending is, that, although 'he had agreed to sell and convey the premises involved to plaintiff, he had failed and refused therein, to plaintiff's damage, etc. We do' not perceive from the instrument of plaintiff's reliance that defendant promised to sell and convey the property; indeed, there is no implication to that effect. Rather, as seems clear from the text of the instrument which is emphasized by the manner in which defendant signed it, he was not proceeding personally, and as a broker only contingently. Plaintiff promised to purchase, but defendant did not promise to sell and convey. Within the purview of the action here, the contract was "void for the want of mutuality." *Cohen v. Clayton Coal Co.,* 86 Colo. 270, 281 Pac. 111. In addition to the inherent weaknesses of the contract, which briefly we have set forth, the evidence otherwise made certain that fruition of the enterprise was dependent on the consent of the owner of the property to make conveyance at the price stated in the contract, the facts of which were known and comprehended by the parties when they signed it, and which, as appears, she refused to give. There was no evidence that defendant induced such action on the part of the owner of the property, and there was no showing that he profited therefrom.

■ ■ 2. Regardless of all things else, and however plaintiff's claims in the premises might be regarded in other circumstances, it undeniably appears that subsequent to the time she was fully apprised of the fact that she was not to get the property, and proceeding in harmony with paragraphs 5 and 6 of the

contract, she demanded from defendant that the amount of her deposit, $50.00, be returned to her, and it was returned. Such election on her part, as we are persuaded, so concludes plaintiff that her present action is not maintainable. "On breach of contract, the party not in fault may either rescind and recover money paid, or may have specific performance or may sue for damages for the breach. He must elect his remedy. The purchaser, for example, cannot have rescission and damages for the default of the vendor. He can have one but not both remedies." 8 Thompson on Real Property (perm. ed.), p. 595 §4618. See, *Wilson v. New United States Cattle Ranch Co.*, 73 Fed. 994, 20 C.C.A. 244; *Flaherty v. Goldinger*, 249 Mass. 564, 144 N.E. 374; *Carter v. Fox*, 11 Cal. App. 67, 103 Pac. 910; 66 C.J., p. 1462, §1548. "He may affirm the contract and sue for damages. He may disaffirm the contract and by rescission have it cancelled. He cannot, however, have both remedies. If he rescinds he must rescind the contract in its entirety. If he affirms he must affirm wholly, not in part." Mr. Justice Campbell, in *Cattell v. Denver Bank*, 75 Colo. 150, 225 Pac. 271.

The points urged, and which we have discussed, were timely and appropriately interposed below, and, in our view, should have found favor there. To the end. that plaintiff's action may be dismissed, let the judgment be reversed.