No. 15,988.

SPURLOCK ET AL. *v.* JOHNSTON ET AL.
(193 P. [2d] 275)

Decided April 19, 1948.   Rehearing denied May 10, 1948.

Messrs. KOPERLIK & ALTMAN, for plaintiffs in error.

Mr. ROY A. PAYTON, for defendant in error Johnston.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

THE parties to this action appeared in reverse order in the trial court, and we will refer to them herein as plaintiffs and defendants as they there appeared.

This is a suit to quiet title to real property. It was brought by plaintiffs' assignor, the Hatchett Cattle Company, a corporation, which claimed ownership to a tract of land through a warranty deed from the owner, the action being against defendants who claimed title to the same land by virtue of a recorded contract of sale which antedated the warranty deed, which contract, it is claimed, was later confirmed by conveyance of the land to them by the owner. The trial court entered judgment for plaintiffs, and defendants bring the case here for review.

Evelyn Cables owned six hundred acres of land in Pueblo county, Colorado. Desiring to dispose of the property she talked with James E. Tressler, a real-estate broker at Walsenburg, Colorado. Later she removed to Dalton, Georgia, and correspondence regarding the sale of the land was carried on with him. August 28, 1940, Tressler wrote her, advising that he had sold her land and enclosed with his letter a contract of sale signed by James J. Spurlock, one of the defendants herein, as purchaser, and by Tressler as her agent, together with a warranty deed, with request that she sign and return both to him, upon receipt of which he would send her

the purchase price. On the same date a copy of the agreement was duly recorded in the office of the county clerk and recorder of Pueblo county, Colorado. September 30, 1940, by warranty deed dated September 23, 1940, and recorded October 5, 1940, Evelyn Cables conveyed said premises to the Hatchett Cattle Company, plaintiffs' assignor. November 22, 1943, the instant case was filed. February 26, 1944, Evelyn Cables conveyed the same land to defendants by warranty deed which was recorded November 14, 1944. Defendants rely on the agreement of sale, hereinbefore mentioned, dated August 28, 1940, and the warranty deed for the same premises dated August 28, 1940, but not acknowledged until February 26, 1944, and thereafter recorded November 14, 1944.

At the trial, James E. Tressler testified that Mrs. Cables never returned either the contract or the deed; that when the contract was prepared he advised Mr. Spurlock that it was prepared and his money accepted subject to Mrs. Cables' approval and that he could guarantee only, that if she did not accept the deal, he would return his money; that Mrs. Cables had written to him and that she did not know whether he was her agent for the sale of the land because she had written several others and told them also to sell it; that she at no time gave him written authority to sell the land to any particular person; that he refused to take the balance of the purchase price from Mr. Spurlock because Mrs. Cables refused to accept his offer.

It is clear that James E. Tressler did not have an exclusive agency to sell Evelyn Cables' land; that he knew that others had it listed for sale, and that no contract of sale which he made would be effective unless and until approved and signed by her. Tressler's agency not being exclusive, Mrs. Cables had a right to sell the property to anyone she chose. *Hodgin v. Palmer,* 72 Colo. 331, 335, 211 Pac. 373. The contract of sale, signed only by James J. Spurlock, purchaser, and James E.

Tressler, agent, was of no force and effect, and the fact that it was recorded did not make it so. In the case of *Stark v. Rogers,* 69 Colo. 98, 107, 169 Pac. 146, we said, quoting from *Springer v. City Bank,* 59 Colo. 376, 149 Pac. 253: " 'It is a general rule that where real estate is placed in the hands of an agent, either verbally or by written instrument, to find a purchaser, or with instructions in general terms to sell, the agent is not thereby authorized to enter into a contract of sale binding upon the owner, as in either instance the agent's authority extends only to finding a purchaser acceptable to the owner, and to negotiating a sale generally between such purchaser and the owner. The use of the words "to sell" in such a case is held to mean no more than to authorize the agent to find a purchaser. This doctrine is firmly settled in this jurisdiction.' " Also, in *Wood v. Ellis,* 114 Colo. 19, 24, 161 P. (2d) 777, it is stated: "In addition to the inherent weaknesses of the contract, which briefly we have set forth, the evidence otherwise made certain that fruition of the enterprise was dependent on the consent of the owner of the property to make conveyance at the price stated in the contract, the facts of which were known and comprehended by the parties when they signed it, and which, as appears, she refused to give."

As has been stated, Evelyn Cables conveyed the land in question by warranty deed to plaintiff's assignor herein September 30, 1940, which deed was recorded on October 5, 1940. Plaintiffs' title so established is not in the least affected by the fact that years thereafter and on, to wit, February 26, 1944, Mrs. Cables conveyed by warranty deed the same land to James J. Spurlock. She owned no interest in the land attempted to be conveyed; she had nothing to transfer; and her deed was wholly ineffective.

This being our determination, we deem it an answer

142

to the errors assigned, all of which are overruled, and the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.