552 P.2d 522 (1976)
CHANDLER TRAILER CONVOY, INC., Plaintiff-Appellant,
v.
ROCKY MOUNTAIN MOBILE HOME TOWING SERVICES, INC., et al., Defendants-Appellees.
No. 75-318.
Colorado Court of Appeals, Div. II.
April 22, 1976.
Rehearing Denied May 20, 1976.
Certiorari Denied August 3, 1976.
*523 Mark J. Rubald, Denver, for plaintiff-appellant.
John P. Thompson, Denver, for defendant-appellee Barrett Mobile Home Transport, Inc.
Selected for Official Publication.
ENOCH, Judge.
Chandler Trailer Convoy, Inc., (Chandler) appeals from a judgment in which the trial court refused to grant equitable relief against the defendants, Rocky Mountain Mobile Home Towing Services, Inc., (Rocky Mountain) and Barrett Mobile Home Transport, Inc., (Barrett) and dismissed a claim of tortious interference against defendant Barrett. We reverse the judgment denying equitable relief, and remand.
Rocky Mountain owned and desired to sell a PUC certificate which allowed it to engage in the intrastate transportation of mobile homes in the state of Colorado. Chandler, a corporation which hauled mobile homes in interstate commerce, sought to purchase the PUC certificate for the price of $30,000, and, by an unchallenged finding, the trial court determined that Rocky Mountain did make an offer to sell the certificate to Chandler and that the offer was not revoked prior to its acceptance. However, prior to Chandler's acceptance of the offer, Rocky Mountain negotiated and signed an option contract to sell the same PUC certificate to Barrett for $40,000, and thereafter Rocky Mountain and Barrett joined in an application to transfer the certificate and filed the application with the Colorado Public Utilities Commission.
Chandler, upon learning of these events, filed suit against Rocky Mountain and Barrett and sought specific performance of the contract by Rocky Mountain and injunctive relief against Barrett, damages for lost profits, damages against Barrett for tortious interference with Chandler's contract to purchase the PUC certificate, and any further relief which the court deemed fair and equitable. The day before the trial in district court, the Public Utilities Commission entered its decision to transfer the PUC certificate from Rocky Mountain to Barrett.
At trial, although the court determined that Chandler's contractual rights were prior and superior to those of Barrett, it refused any equitable relief, granting only damages for lost profits in the amount of $3,500. The court determined that since it had no jurisdiction to order the PUC to approve the transfer, it could not order any specific performance of the contract to transfer the PUC certificate.
It would appear that the court based its denial of equitable relief on the general principle that specific performance will not be allowed when it depends for its performance on the act or assent of a person who is not a party to the agreement. See Himes v. Stitt, Colo.App., 540 P.2d 1104. However, there is an exception to the general rule which is stated in Watson Brothers Transport Company, Inc. v. Jaffa, 143 F.2d 340 (8th Cir.), where a plaintiff brought suit to compel specific performance of a contract to transfer an ICC certificate which required permission of the Interstate Commerce Commission. The court stated:
"The mere fact that a contract or transfer is subject to the approval of a public agency is not a bar to a decree compelling a party to execute the documents necessary for the consummation of the contract or transfer." *524 See also Reid v. Reid, 269 F.2d 923 (10th Cir.); Annot., 15 A.L.R.2d 883. Furthermore, specific performance may be granted against a subsequent purchaser who is not a bona fide purchaser for value. Dunlap v. Fort Mohave Farms, Inc., 89 Ariz. 387, 363 P.2d 194; Troutfetter v. Backman, 165 Kan. 185, 193 P.2d 201.
Accordingly, in the present situation, if the trial court had found that Barrett was not a bona fide purchaser for value, it could have granted specific performance against both Rocky Mountain and Barrett to the extent of requiring them to execute all necessary documents to apply for a transfer of the PUC certificate from Barrett to Chandler.
In support of the judgment, Barrett contends that the trial court's judgment should be affirmed because it was a bona fide purchaser for value. Chandler argues, however, that the bona fide purchaser for value issue is not properly before this court, as it was not argued in the trial court and Barrett took no cross-appeal.
In its answer to the complaint, Barrett alleged that its right to the PUC certificate was superior to that of Chandler. Thus the issue of bona fide purchaser for value was raised by the pleadings. In addition, without the necessity of filing a motion for a new trial or a notice of appeal, a winning appellee may advance any argument in support of his judgment which does not increase his rights under that judgment. City of Delta v. Thompson, Colo.App., 548 P.2d 1292 (Announced December 11, 1975). Consequently, the issue is a viable one, and since whether one qualifies as a bona fide purchaser for value is basically a question of fact, the case must be remanded to the trial court for further findings on this issue.
On remand, if the trial court determines that Barrett was a bona fide purchaser for value, then its right to the PUC certificate would take priority over the plaintiff's and no specific performance may be ordered. On the other hand, if the trial court determines that Barrett is not a bona fide purchaser for value, then it could, in the exercise of its discretionary powers, grant specific performance against Barrett and Rocky Mountain, entering an order that these defendants execute all documents necessary to effectuate an application for transfer of the PUC certificate. See De Feo v. Smith, 119 Colo. 296, 203 P.2d 485.
Chandler also alleges that the court erred in dismissing the claim against Barrett for tortious interference with a contractual agreement, but we find no error therein. Chandler urges that the court failed to comply with Cr.R.C.P. 52(a), in that it failed to state its findings of fact and conclusions of law in granting the dismissal of the tortious interference claim. However, the court stated that its dismissal was based on the failure of Chandler "to make a prima facie case." Although this is not the proper test to be applied when trial is to the court, the evidence before the court was conflicting, the court as finder of fact resolved those conflicts against plaintiff, and there was sufficient evidence before it to sustain its decision that Chandler had failed to prove tortious interference. Therefore the trial court's ruling is binding upon this court. See Rowe v. Bowers, 160 Colo. 379, 417 P.2d 503.
A court may grant both specific performance and damages where specific performance alone will not give complete relief. See Gregerson v. Weatherly, 160 Colo. 414, 417 P.2d 769. Since here the damages granted against Rocky Mountain were only for lost profits from the date the certificate would have been transferred had the contract been complied with, to the date of trial, the judgment awarding damages will remain unaffected by the reversal of the judgment denying specific performance.
The judgment dismissing the tortious interference claim against Barrett is affirmed. The judgment denying specific performance against Rocky Mountain and *525 Barrett is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
SILVERSTEIN, C. J., and RULAND, J., concur.