Lucilla M. COOPER and Kathryn Cooper Catalano, Plaintiffs-Appellees,

v.

PEOPLES BANK AND TRUST COMPANY, Defendant-Appellant.

No. 84CA1257.

Colorado Court of Appeals,
Div. I.

May 22, 1986.

Rehearings Denied June 19, 1986.

Certiorari Denied Sept. 15, 1986.

Robert J. Truhlar, Alan Woods, Woods and Hyman, Denver, for plaintiffs-appellees.

Marshall D. Brodsky, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Peoples Bank and Trust Company (bank), appeals the summary judgment entered for plaintiffs, Lucilla M. Cooper and Kathryn Cooper Catalano (buyers), plus its award to them of moratory interest and attorney fees. We affirm.

In 1970, buyers entered into a real estate sales contract with Echo Hills Development Company (Echo Hills). Conveyance by warranty deed was to occur at the time the buyers had paid a minimum of seventy percent of the total purchase price. The contract further provided for the prompt refund of the full amount of deposit paid on the contract in the event of nonperformance by the seller.

Echo Hills sold the contract and the property to a third party. After a series of assignments, the contract and property were sold by Lee Stubblefield, an intervening owner, to the bank on January 28, 1977. The bank took the property by warranty deed; however, by its admitted carelessness, this deed was not filed or recorded until May 2, 1980.

On April 1, 1977, seventy percent of the purchase price was paid by the buyers, but the bank failed to deliver a warranty deed to the buyers as required by the contract.

During the time intervening between April 1, 1977, and May 2, 1980, transcripts of judgment against Lee Stubblefield were filed against the property at issue. On October 23, 1979, the final payment on the property was made to the bank.

Buyers, by themselves and through counsel, demanded that the bank deliver a warranty deed. However, because of the transcripts of judgment filed against the property, the bank offered to substitute a special warranty deed.

On January 10, 1983, the buyers brought this action seeking rescission. The trial court granted the buyers' motion for summary judgment for rescission and ordered the bank to return to the buyers all money paid out on the contract and, after appropriate hearings, awarded the buyers moratory interest pursuant to § 5–12–102(1)(a) and (b), C.R.S. (1985 Cum.Supp.) and attorney fees pursuant to § 13–17–101, C.R.S. (1985 Cum.Supp.).

## I

The bank alleges that the trial court erred in permitting the buyers to seek the remedy of rescission of contract. We disagree.

▇▇▇ Generally, on the breach of a contract, the party not at fault may disaffirm the contract, rescind, and recover the money paid. Alternatively, the party not at fault may affirm the contract and sue for specific performance or for damages. *Woods v. Ellis*, 114 Colo. 19, 161 P.2d 777 (1945). A plaintiff is, therefore, required to make an election between a claim for rescission and one based on either specific performance or damages. *See Gaubatz v. Marquette Minerals, Inc.*, 688 P.2d 1128 (Colo.App.1984); *H & K Automotive Supply Co. v. Moore & Co.*, 657 P.2d 986 (Colo.App.1982).

▇▇▇ Generally, rescission may be granted if the facts show that there is a substantial breach, that the injury caused is irreparable, or that damages would be inadequate, difficult, or impossible to assess. *See Gregerson v. Weatherly*, 160 Colo. 414, 417 P.2d 769 (1966); *Briggs v. Robinson*, 82 Colo. 1, 256 P. 639 (1927).

In this case, the buyers have paid the full purchase price of the property, yet they have received nothing. Moreover, the bank's inability to deliver a warranty deed is the result of its own failure to record the deed. These circumstances constitute a total breach on the part of the bank making rescission an appropriate remedy.

Thus, it was not improper for the buyers to seek a return of the full purchase price from the bank. Neither the trial court nor this court need concern itself with whether the bank obtained the property and contract at a discount large enough to offset amounts paid to the previous owners. Moreover, any decline in the property's value because of the encumbrances is due solely to the bank's own carelessness.

## II

▇▇▇ The bank next contends that the trial court erred in granting the buyers' motion for summary judgment in view of its affirmative defense of laches. We disagree.

Summary judgment is available to resolve disputes in which there is no issue of material fact. C.R.C.P. 56; *Terrell v. Walter E. Heller & Co.*, 165 Colo. 463, 439 P.2d 989 (1968). Summary judgment is properly entered only if the facts are clear and undisputed. *Roderick v. City of Colorado Springs*, 193 Colo. 104, 563 P.2d 3 (1977).

It is undisputed that the bank became the assignee to the contract and titleholder to the property. Furthermore, the bank accepted payments from the buyers and then did not perform its obligation under the contract. Further, the undisputed facts are (1) that the bank, through its admitted negligence, failed to record the deed and (2) that this failure to record subjected the property to the intervening liens. And, contrary to the bank's contention, once the intervening liens were filed, nothing done by the buyers prejudiced its position. Therefore, the doctrine of laches was not applicable to bar buyers' action, and the trial court properly entered summary judgment for buyers.

## III

▇▇▇ The bank also appeals from the trial court's award of attorney fees to the buyers. We find no error in the trial court's award of attorney fees.

The trial court held, after a hearing, that the defenses offered by the bank were groundless. Pursuant to § 13–17–101, C.R.S., the trial court awarded the buyers their attorney fees. We find the trial court's decision to be fully supported by the record, and it is, therefore, binding on appeal. *See International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

## IV

▇▇▇ Finally, the bank contends both that the trial court erred in awarding the buyers moratory interest, and that, if such award was proper, the trial court, nevertheless,

erred in computing the amount to be awarded. We affirm the trial court's award of interest and the method used to compute it.

Section 5–12–102(1), C.R.S. (1985 Cum. Supp.) provides that interest may be awarded as follows:

"(a) When money or property has been wrongfully withheld, interest shall be in an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful payment or to the date judgment is entered, whichever first occurs, or at the election of the claimant,

(b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs."

Furthermore, nothing in the statute requires that the judgment creditor establish tortious conduct by the debtor before being entitled to an award of interest. *Benham v. Manufacturers & Wholesalers Indemnity Exchange,* 685 P.2d 249 (Colo.App. 1984).

In light of the undisputed fact that the bank failed to deliver to the buyers a warranty deed as required by the contract, the trial court properly found that the bank had wrongfully withheld property. Therefore, the buyers are entitled to interest pursuant to § 5–12–102(1), C.R.S. *See Great Western Sugar Co. v. Northern Natural Gas Co.,* 661 P.2d 684 (Colo.App. 1982), *aff'd, sub nom. KN Energy, Inc. v. Great Western Sugar Co.,* 698 P.2d 769 (Colo.1985).

In *Great Western Sugar Co. v. Northern Natural Gas Co., supra,* we recognized that § 5–12–102(1), C.R.S., permits a creditor to receive prejudgment interest at the statutory rate, or in an amount which fully accounts for the gain or benefit realized by the party withholding money or property. In this case, the trial court awarded interest on the entire purchase price at the statutory rate beginning on April 1, 1977. On that date, the bank became obligated to transfer title to the entire property even though the entire purchase price was not paid until October 23, 1979. This award fits squarely within the scope of § 5–12–102(1)(b), C.R.S. *See Isbill Associates v. City & County of Denver,* 666 P.2d 1117 (Colo.App.1983).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.