Ollie Penn **WILLIAMS** and Louise Pons **Williams, Plaintiffs–Appellees, Cross–Appellants,**

v.

**GENESEE DEVELOPMENT COMPANY NO. 2, a Colorado partnership, Genesee Land Company, a Colorado limited partnership, and Genesee Associates, Ltd., a Colorado corporation, Defendants–Appellants, Cross–Appellees.**

No. 86CA0898.

Colorado Court of Appeals, Div. II.

April 28, 1988.

Rehearing Denied June 30, 1988.
Certiorari Denied Oct. 17, 1988.

Russell, Angelo & Wright, P.C., Wyatt B. Angelo, Gunnison, for plaintiffs-appellees, cross-appellants.

Ranous, Stern & Patrick, P.C., J. Steven Patrick, David M. Barton, Gunnison, for defendants-appellants, cross-appellees.

PIERCE, Judge.

Defendant, Genesee Development Company No. 2, and its partners, defendants Genesee Land Company and Genesee Associates Ltd., appeal the trial court judgment ordering rescission of their contract with plaintiffs, Ollie Penn and Louise Pons Williams. Plaintiffs cross-appeal the trial court's award of interest at the statutory rate of 8%. We affirm.

In February 1981, plaintiffs contracted to purchase from defendants a vacation condominium located near Mt. Crested Butte. At that time, the condominiums were under construction by defendants, but were not completed until late 1981.

A few months after construction was completed, plaintiffs, during a deluge, observed water intruding into their condominium through the ceiling and floor, causing considerable damage. Approximately one month later, plaintiffs formally advised defendants, by counsel, of their intent to rescind the purchase agreement. Defendants declined to agree and informed plaintiffs that construction defects would be corrected.

Thereafter, it was determined that the proper materials had not been installed, and defendants replaced the materials at no cost to plaintiffs. However, intrusion of the outside water persisted and attendant damage continued. Repeated efforts were made to control the leakage, up through 1983, but the problem was not cured.

In April 1984, plaintiffs brought this action seeking rescission of the contract. After trial to the court, plaintiffs' requested relief was granted and the contract was rescinded.

## I.

■ Defendants first contend that plaintiffs are not the real parties in interest, and therefore, the trial court erred in failing to grant the motion to dismiss on that basis. We disagree.

C.R.C.P. 17(a) provides that: "Every action shall be prosecuted in the name of the real party in interest...." The purpose of this rule is to protect defendants from the harassment of lawsuits by persons who do not have the power or right to make final and binding decisions concerning prosecution, compromise, and settlement. *See Campus Sweater & Sportswear Co. v. M.B. Kahn Construction Co.*, 515 F.Supp. 64 (D.S.C.1979), *aff'd*, 644 F.2d 877 (4th Cir.1981) (interpreting similar provision contained in Fed.R.Civ.P. 17(a)).

Plaintiffs were the title holders to the condominium at the time this lawsuit was commenced and at the time the motion to dismiss was made. The record further shows that plaintiffs have remained in possession and control of the property throughout the proceedings. This established plaintiffs as the real parties in interest.

Although defendant showed that plaintiffs had transferred bare legal title to a controlled corporation for part of the time during the pendency of this lawsuit, before ultimately re-attaining title one day prior to trial, such conduct did not completely divest plaintiffs of their interest in the litigation. Indeed, their conduct in re-attaining the title established that the real parties in interest were before the court both at the time of filing and during the trial. Therefore, the purpose of C.R.C.P. 17(a) was met. This conduct was neither devious nor unethical as defendants suggest, nor did it affect any of defendants' rights or hamper their ability to defend. *See* Fed.R.Civ.P. 17(a) (allowing substitution of real party in interest after commencement of lawsuit). Furthermore, defendants made no effort to join the controlled corporation to the action.

## II.

■ Defendants also contend that rescission was an improper remedy under the circumstances. We disagree.

Contract rescission is proper if the facts show that there has been a substantial breach and the injury caused is irreparable, or the damages would be inadequate, difficult, or impossible to assess. *Cooper v. People's Bank & Trust Co.*, 725 P.2d 78 (Colo.App.1986).

In the present case, defendants attempt to downplay the significance of the leakage problems. However, the trial court found, upon voluminous evidence, that plaintiffs had contracted for a "defect-free" condominium, which was not provided. The trial court also found that the leakage problems continued even after substantial efforts had been made to correct them. Thus, the extent of the damage was unclear and unresolved, thereby making rescission an appropriate remedy here. *See Cooper v. Peoples Bank & Trust Co., supra.*

## III.

■ Defendants further contend that plaintiffs' claim for relief arose more than two years before this action was filed and that it is therefore barred by the statute of limitations applicable to actions concerned with improvements to real property. Again, we disagree.

Colo.Sess.Laws 1979, ch. 144, § 13–80–127(1)(b), in effect at the time, provided that:

"A claim for relief arises under this [statute of limitations] at the time the damaged party discovers or in the exercise of reasonable diligence should have discovered the defect in the improvement which ultimately causes the injury, when such defect is of a substantial or significant nature."

Here, although plaintiffs admittedly discovered a small puddle of water inside the condominium on about April 11, 1982, the trial court found that plaintiffs did not become aware of the actual defect causing the water leakage until the summer of 1982. This finding is supported by the record, and will not be disturbed on review. Therefore, because this case was filed in

April 1984, it was not barred by the statute.

## IV.

In their cross-appeal, plaintiffs argue that the trial court erred in failing to award interest at a rate which recognized the benefit to defendants from wrongfully withholding the contract purchase price. However, there was no evidence presented regarding the actual amount of gain to the defendants, and therefore, the record supports the trial court's decision to award interest at the statutory rate of 8%. *See* § 5–12–101, C.R.S. (1987 Cum.Supp.).

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.