17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
Citizens Bank of Pagosa Springs, a Colorado state
bank, Plaintiff-Appellee,
v.
KANSAS BANKER'S SURETY COMPANY, named: The Kansas Bankers
Surety Co., a Kansas corporation, Defendant-Appellant.
 No. 93-1051.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.[2]
 
 
 1
 Defendant Kansas Bankers Surety Company (KBS) appeals from the grant of summary judgment, as amended, in favor of plaintiff FDIC, in its capacity as receiver for Citizens Bank (Bank) of Pagosa Springs, Colorado. We exercise jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 2
 Because the parties have each other's briefs and because the district court adequately set out the salient facts in its order, we repeat only a few facts here. The Bank, later substituted as plaintiff by the FDIC-receiver (hereinafter FDIC), filed this declaratory judgment action, seeking a determination of coverage under a KBS financial institution bond for a loss sustained by the Bank due to the wrongful acts of the late Don Winter, formerly the president of the Bank. On cross-motions for summary judgment, the district court decided that the FDIC was entitled to judgment as a matter of law. Upon consideration of the FDIC's subsequent motion, the district court amended its judgment to award to the FDIC $305,072.22 in compensatory damages and $39,781.41 in prejudgment interest.
 
 
 3
 KBS raises six issues on appeal: (1) Mr. Winter was not an employee covered by the KBS bond; (2) Mr. Winter did not have the manifest intent to cause the Bank to sustain a loss; (3) the Bank failed to comply with the notice provisions of the financial institution bond; (4) the bond terminated as to Mr. Winter in 1985; (5) the FDIC prejudiced KBS's rights of legal and contractual subrogation; and (6) the FDIC is not entitled to prejudgment interest.
 
 
 4
 We review the grant of summary judgment de novo, using the same standard as the district court. Allen v. Minnstar, Inc., 8 F.3d 1470, 1476 (10th Cir.1993). Summary judgment is appropriate if the materials properly before the court demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The district court made no findings of fact for us to review; rather, it drew legal conclusions in light of undisputed facts.
 
 
 5
 Based upon our review of the briefs and the record on appeal, we conclude that the order of the district court should be affirmed. First, under the unambiguous language of the bond, Mr. Winter was an employee covered by the bond. See Appellant's App. at 74 ("employee" includes "an officer or other employee of the Insured, while employed in, at, or by any of the Insured's offices or premises covered hereunder...."). "Where the contract is unambiguous, ... the court is bound to enforce the terms of the policy." Western Heritage Ins. Co. v. Chava Trucking, Inc., 991 F.2d 651, 654 (10th Cir.1993). Nothing in the policy language requires the court to consider whether Mr. Winter was under the control of any other person, as suggested by KBS. See Appellant's Opening Br. at 19-23. We also agree with the district court's conclusion that the alter ego doctrine does not apply to this case.
 
 
 6
 The district court thoroughly discussed KBS's second, third, and fourth issues. We agree with the district court's conclusions and affirm its decision on these issues for substantially the same reasons as set forth in the district court's order, filed on January 21, 1993.
 
 
 7
 We find no merit to KBS's argument that it is relieved of liability under the bond because the FDIC prejudiced its rights of legal and contractual subrogation. The bondable loss claimed by the FDIC was the result of a complicated transaction that occurred in 1984 between Mr. Winter, a Herman Riggs, and others. Through this transaction, Mr. Winter, who owned fifty percent of the Bank's stock at the time, purchased the remaining stock and became its sole shareholder. Part of the transaction was a loan from Mr. Riggs to Mr. Winter to help with the stock purchase. This loan was surreptitiously designed to be repaid by the Bank through Mr. Winter's agreement to a substantial increase in the rent paid by the Bank for its leased office space to Mr. Riggs, who owned the space. The district court did not specifically address KBS's argument, raised in opposition to the FDIC's motion for summary judgment, that it was relieved from liability under the bond because the FDIC prejudiced its subrogation rights. KBS asserts it was prejudiced (1) by the FDIC's failure to notify it of Mr. Riggs's involvement in the bondable loss before he filed for bankruptcy in August 1990, see Appellant's App. at 175; and (2) by the FDIC's failure to object to Mr. Riggs's discharge in bankruptcy by the December 10, 1990 deadline for objections; see id. at 174.
 
 
 8
 The Bank's obligation to avoid prejudice to KBS's subrogation rights arose only upon its discovery of the bondable loss. See id. at 75 (Section 7(e) states that "[t]he Insured shall do nothing after discovery of loss to prejudice such rights or causes of action.") (emphasis added). The district court concluded, and we affirm, that discovery first occurred on September 20, 1990. Id. at 342 (district court order filed January 21, 1993, at 10). Therefore, there is no merit to KBS's argument that the FDIC should have notified KBS before Mr. Riggs filed his voluntary petition for bankruptcy in August 1990, of Mr. Riggs's involvement in a scheme to defraud the Bank.
 
 
 9
 Further, the terms of the bond did not require the FDIC to take affirmative steps to protect KBS's subrogation rights by objecting to Mr. Riggs's discharge. See id. at 75 (Section 7(e) states that "[t]he Insured shall do nothing after discovery of loss to prejudice such rights or causes of action.") (emphasis added). All of the cases cited by KBS involve situations where an insured actually released a claim against a third party. In addition, the undisputed fact that the Bank's rent increase was intended to repay Mr. Riggs's loan to Mr. Winter for his purchase of Bank stock was not discovered until Mr. Riggs was deposed on December 11, 1990--a day after the deadline for objections to his discharge in bankruptcy. Id. at 59-60. Moreover, the record indicates that before Mr. Riggs's discharge in April 1993, see Appellee's Supp.App. at 17, KBS was in a position to protect its own subrogation rights, but did not. We conclude the FDIC did not prejudice KBS's subrogation rights and KBS is not relieved of its liability under the bond on that basis.
 
 
 10
 We review the award of prejudgment interest for an abuse of discretion. United States Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1255 & n. 43 (10th Cir.1988). Under Colorado law, eight percent prejudgment interest may be awarded on money "wrongfully withheld," even if the amount is unliquidated at the time of the wrongful withholding. Colo.Rev.Stat. 5-12-102 (1989). A prevailing party need not prove tortious conduct on the part of a withholding party to recover prejudgment interest under Colorado law. Mesa Sand & Gravel Co. v. Landfill, Inc., 776 P.2d 362, 364 (Colo.1989). Moreover, the Bank's loss was liquidated in this case. The $305,072.22 loss claimed in the Bank's proof of loss is supported by an August 29, 1990 letter in evidence before the district court, in which FDIC examiners pointed out to the Bank a $309,000.00 discrepancy between the rent called for under the terms of the original lease, and the rent paid under the modification approved by Mr. Winter. Appellant's App. at 147. KBS offered no rebuttal evidence disputing the amount claimed. The FDIC requested, and the district court awarded, prejudgment interest running from June 11, 1993, the date on which KBS informed FDIC that FDIC had not filed a proof of loss on its claim and that the time for filing a proof of loss had passed. Appellee's Supp.App. at 1-2. KBS's assertion that this letter did not deny FDIC's claim under the bond is without merit. We find no abuse of discretion in the award of prejudgment interest.
 
 
 11
 Appellant's request for oral argument is DENIED.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument