**MESA SAND & GRAVEL
CO., Petitioner,**

v.

**LANDFILL, INC., Respondent.**

**No. 88SC190.**

Supreme Court of Colorado,
En Banc.

June 26, 1989.

As Modified on Denial of Rehearing
July 24, 1989.

Martin & Mehaffy, Joel C. Maguire, Boulder, for petitioner.

Parcel, Mauro, Hultin & Spaanstra, Paul F. Hultin and Marcus L. Squarrell, Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

In this case we must decide whether the prevailing party in a breach of contract case is entitled to recover prejudgment interest at the annual rate of eight percent under section 5–12–102(1)(b), 2 C.R.S. (1988 Supp.). The court of appeals concluded that Mesa Sand and Gravel Co. (Mesa) was not entitled to recover prejudgment interest because Mesa failed to show that Landfill, Inc. (Landfill) obtained a "gain or benefit" in breaching the contract. We reverse.

## I.

Landfill held a special use permit to use an eighty-acre site in Boulder, Colorado, to operate a solid waste disposal landfill and to mine gravel. Mesa entered into a contract with Landfill on September 30, 1975. Landfill was to excavate gravel from the site and Mesa would pay Landfill ten cents per ton of gravel removed. Mesa also reserved the right to enter the property and excavate the gravel itself. By a separate agreement to which Mesa was not a party, Landfill was required to excavate the site to bedrock and to remove the "maximum quantity of gravel" in order to provide space for the landfill.

Mesa discovered in 1980 that Landfill had been filling the waste disposal site without excavating to bedrock. Mesa sued Landfill for breach of contract in Boulder County District Court. The case was submitted to the district court on July 29, 1983. On October 19, 1984, the district court found that Landfill had breached the contract and awarded damages of $209,055 to Mesa. The propriety of this conclusion is not now before us.

Mesa filed a number of post-trial motions. One of those motions requested the court to order Landfill to pay prejudgment interest to Mesa at the annual rate of eight percent from July 29, 1983, when the case was submitted to the district court, to October 19, 1984, when the district court rendered its judgment. The district court refused to grant prejudgment interest.

Both parties appealed. A divided panel of the court of appeals affirmed the district court on all issues in *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 759 P.2d 757 (Colo. App.1988). The court of appeals determined that the pertinent statutory provision was section 5–12–102(1)(a), which permits prevailing parties to recover prejudgment interest for "money or property [that] has been wrongfully withheld" in an amount that fully recognizes the "gain or benefit" realized by the wrongfully withholding party. The court of appeals held that Mesa was not entitled to recover prejudgment interest under section 5–12–102(1)(a) because Landfill did not "gain or benefit" by failing to excavate the gravel. 759 P.2d at 759.

Judge Tursi concurred with the majority on all but one issue. Based on his reading of the pleadings as well as *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983), and *Bassett v. Eagle Telecommunications, Inc.*, 750 P.2d 73 (Colo.App.1987), he believed Mesa could have recovered prejudgment interest of eight percent annually pursuant to section 5–12–102(1)(b) from the time Landfill wrongfully withheld the property. Because Mesa requested prejudgment interest only from the time the case was submitted to the trial court rather than from the time Landfill breached the contract, he would have permitted Mesa to recover prejudgment interest at eight percent annually from July 29, 1983, to October 19, 1984.

Both parties sought certiorari review with this court. Landfill's petition for certiorari was denied. We granted Mesa's cross-petition for certiorari in order to determine the interrelated questions of whether the court of appeals erred in concluding that Mesa was not entitled to recover prejudgment interest under section 5–12–102(1)(b) and whether the damages caused by Landfill's failure to excavate the gravel to bedrock constitutes money or property "wrongfully withheld" under section 5–12–102(1)(b) when Mesa retained a right under the contract to excavate the gravel itself.

## II.

In cases other than in "actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership" under section 13–21–101, 6A C.R.S. (1987), a prevailing party may recover prejudgment interest under section 5–12–102. Section 5–12–102(1) provides:

(1) Except as provided in section 13–21–101, C.R.S., when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant,

(b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs.

2 C.R.S. (1988 Supp.). The purpose of section 5–12–102 is to discourage a person responsible for payment of a claim to stall and delay payment until judgment or settlement. *Bjorkman by Bjorkman v. Steenrod*, 762 P.2d 706, 707 (Colo.App. 1988) (citing *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo. App.1983)). Section 5–12–102 recognizes the time value of money. It represents a legislative determination that persons suffer a loss when they are deprived of property to which they are legally entitled. *Id.*

### A.

Mesa first argues that the court of appeals erred in concluding that Mesa was not entitled to recover prejudgment interest because Mesa failed to show that Landfill obtained a "gain or benefit" from the gravel it failed to excavate. We agree.

■ Whether a person recognizes a "gain or benefit" as a result of wrongfully withholding property is a relevant consideration under section 5–12–102(1)(a) but is irrelevant under section 5–12–102(1)(b). Because Mesa elected to recover prejudgment interest under section 5–12–102(1)(b), it need not prove that Landfill recognized a gain or benefit from the gravel it failed to excavate.

### B.

Mesa argues that it is entitled to prejudgment interest of eight percent under section 5–12–102(1)(b) from the time Landfill breached the contract. It argues that the gravel was "wrongfully withheld" within the meaning of section 5–12–102(1)(b) when Landfill breached the contract by failing to excavate the gravel to bedrock. Landfill argues that the gravel was not "wrongfully withheld" within the meaning of section 5–12–102(1)(b) because Mesa retained a contractual right to enter the premises and remove the gravel itself.

Our primary task in construing section 5–12–102 is to ascertain and effectuate the intent of the legislature. *People v. District Court*, 713 P.2d 918, 921 (Colo.1986). We look first to the language of the statute. Where the meaning is clear and no injustice would result, the statute must be interpreted as written without resort to other rules of statutory construction. *In re R.C.*, 775 P.2d 27, 29 (Colo.1989); *Elliott Elec. Supply Co. v. Adolfson & Peterson, Inc.*, 765 P.2d 1079, 1081 (Colo.App.1988). Statutes susceptible to more than one interpretation, however, must be construed in light of their apparent legislative intent and purpose. *Engelbrecht v. Hartford Accident & Indem. Co.*, 680 P.2d 231, 233 (Colo.1984); *see also* § 2–4–203, 1B C.R.S. (1980).

The phrase "wrongfully withheld" is not defined in section 5–12–102(1)(b). The phrase could be construed as requiring proof of tortious conduct. On the other hand, something less than tortious conduct may be contemplated by the phrase. Because the phrase is susceptible to more than one interpretation, we conclude it is ambiguous.

■ The prevailing party is not required to establish tortious conduct on the part of the withholding party in order to recover prejudgment interest under section 5–12–102. *Cooper v. Peoples Bank & Trust*, 725 P.2d 78, 81 (Colo.App.1986); *Benham v. Manufacturers & Wholesalers Indem. Exch.*, 685 P.2d 249, 254 (Colo.App.1984). Whether a mere breach of contract is sufficient to demonstrate that a party "wrongfully withheld" money or property for purposes of recovering prejudgment interest under section 5–12–102, however, is less

clear. *See Cooper,* 725 P.2d at 81 (recovery permitted under section 5–12–102(1)(b) for breach of real estate sales contract); *Hott v. Tillotson–Lewis Constr. Co.,* 682 P.2d 1220, 1223 (Colo.App.1983) (recovery permitted under either subsection (1)(a) or subsection (1)(b) for breach of construction contract); *Isbill,* 666 P.2d at 1122 (recovery permitted under section 5–12–102(1)(b) for breach of lease); *see also Passarelli v. Schoettler,* 742 P.2d 867, 872 (Colo.1987) (nonpayment by state can be deemed "wrongful withholding" under section 5–12–102 even when withheld pursuant to a statute later declared to be unconstitutional); *W.H. Woolley & Co. v. Bear Creek Manors,* 735 P.2d 910, 912 (Colo.App.1986) (nonpayment can be deemed "wrongful withholding" under section 5–12–102(1)(b) once payment for services is expected or demanded); *National Sur. Corp. v. Citizens State Bank,* 734 P.2d 663, 665 (Colo. App.1986) (withholding of converted property becomes "wrongful" under section 5–12–102(1)(a) when plaintiff requests and defendant refuses its return). *But see Lowell Staats Mining Co. v. Pioneer Uravan, Inc.,* 645 F.Supp. 254, 259 (D.Colo. 1986) (federal court denied recovery for breach of contract under section 5–12–102(1)(b), stating: "I take issue with applying the statutory phrase 'money or property ... withheld' to all garden-variety breach of contract cases.... I disagree with *Isbill* and its progeny to the extent they have expanded § 5–12–102 to a point where *all* contract actions become actions for 'money ... withheld.' " (Emphasis in original)); *Davis Cattle Co. v. Great W. Sugar Co.,* 393 F.Supp. 1165 (D.Colo.1975) (recovery of "moratory" prejudgment interest permitted but statutory prejudgment interest denied), *aff'd,* 544 F.2d 436 (10th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977). We therefore construe section 5–12–102(1)(b) in light of its legislative intent and purpose, mindful that section 5–12–102 should not be strictly construed. *See Isbill Associates,* 666 P.2d at 1121.

The comprehensive scope of section 5–12–102 can be seen from its legislative his-tory. As the sponsor of the legislation that became section 5–12–102 stated:

> All plaintiffs, or defendants who counterclaim, for that matter, are entitled to interest from the time the action accrued, not from the time the suit was filed, not from the time judgment was entered, but from the time they were wronged.... The present state of the law encourages the wrongdoer to stall because in some cases they have the money until judgment or settlement.

Tape Recording of Testimony before Senate Judiciary Committee on Senate Bill 463, March 12, 1979, 52nd General Assembly (emphasis added). From these comments, it is apparent that section 5–12–102 was not designed to distinguish between classes of prevailing parties in permitting recovery of prejudgment interest.

■ Permitting the prevailing party to recover prejudgment interest under section 5–12–102 compensates the nonbreaching party for the loss of money or property to which he or she is otherwise entitled and thereby furthers the legislative purpose of section 5–12–102. *Cf. Acme Delivery Serv., Inc. v. Samsonite Corp.,* 663 P.2d 621, 625–26 (Colo.1983) (prevailing party in breach of contract case who was not entitled to recover prejudgment interest under predecessor to section 5–12–102 could recover prejudgment interest as "moratory interest" in order to compensate nonbreaching party for loss of the use of its money from the date of the loss to the date of judgment). *See generally* Cairns & Tredennick, *Collecting Pre- and Post-Judgment Interest in Colorado: A Primer,* 15 Colo.Law. 753, 756 (1986) (concluding from a review of Colorado case law that section 5–12–102 "is to be read broadly to cover all types of cases, even where the withholding is merely a refusal to pay over damages which are theoretically due at the time the claim arises"). We therefore apply a liberal construction to the statute and conclude that the General Assembly intended section 5–12–102(1)(b) to permit a nonbreaching party to recover prejudgment interest of eight percent annually from the time of the breach. Because Mesa requested prejudgment interest only from the time

the case was submitted to the district court, however, we hold that Mesa may recover under section 5–12–102(1)(b) from July 29, 1983, to October 19, 1984. *See Mesa,* 759 P.2d at 761 (Tursi, J., concurring in part and dissenting in part).

## C.

 Landfill argues that Mesa is not entitled to recover prejudgment interest under section 5–12–102(1)(b) because Mesa retained a right under the contract to enter the waste disposal site and remove the gravel itself. We find this argument unpersuasive. Regardless of whether Mesa could have removed the gravel from the site, Landfill had a duty to remove the gravel to bedrock and breached the contract by failing to do so. It is this breach that makes Landfill's conduct "wrongful" in the sense contemplated by section 5–12–102 and that therefore entitles Mesa to recover prejudgment interest.

## III.

The judgment of the court of appeals is reversed and the case is remanded to the district court with directions to award Mesa prejudgment interest under section 5–12–102(1)(b) from July 29, 1983, to October 19, 1984.