69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph E. WEST, Plaintiff-Appellant,
v.
Timothy MEYER; Courtney-Ward & Associates, Inc., a Colorado
corporation, Defendants-Appellees.
 No. 95-1050.
(D.C.No. 92-M-2540).
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 ROBERT H. HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Joseph E. West appeals from the district court's denial of statutory prejudgment interest on his contract damages award against defendant Timothy Meyer. Mr. Meyer did not file a response in this appeal. We have jurisdiction under 28 U.S.C. 1291, and we reverse.
 
 
 3
 This dispute arises out of a failed real estate transaction in Telluride, Colorado. Mr. West, a resident of Arizona, sued Mr. Meyer, a real estate agent residing in Colorado, for allegedly breaching a "buyout agreement"--i.e., a contract for the repurchase by Mr. Meyer of real property previously purchased by Mr. West.[2] Mr. West originally asserted both contract and tort claims against Mr. Meyer. However, the district court's entry of judgment as a matter of law on Mr. West's tort claims against Mr. Meyer is not challenged in this appeal.
 
 
 4
 Mr. West asserted in his amended complaint that the buyout agreement called for Mr. Meyer to repurchase the subject property for $45,000 on November 2, 1991, and an additional $45,000 over the next six months; to assume the financing on the property; and to guarantee Mr. West a profit of $70,000. R. Doc. 2 at 3, p 12. Mr. West also requested "all allowable interest" on his claim. Id. at 6. Mr. West's breach of contract claim was tried to a jury, which returned a general verdict in his favor and awarded him $63,000. The district court entered judgment upon the verdict, but did not award statutory prejudgment interest. It denied Mr. West's post-judgment motion for prejudgment interest without explanation.
 
 
 5
 In a diversity case, whether prejudgment interest should have been awarded is a question of state law that we review de novo. Lowell Staats Mining Co. v. Pioneer Uravan, Inc., 878 F.2d 1259, 1269 (10th Cir.1989). In this case, Colorado law applies. The Supreme Court of Colorado has recently reiterated that section (1)(b) of the state's interest statute, Colo.Rev.Stat. 5-12-102, "is to be liberally construed to permit recovery of prejudgment interest on money or property wrongfully withheld. Thus, one who is damaged by a breach of contract is entitled to recover prejudgment interest [at the statutory rate] of eight percent annually from the time of the breach." Ballow v. Phico Ins. Co., 878 P.2d 672, 684 (Colo.1994)(in banc)(citing Mesa Sand & Gravel Co. v. Landfill, Inc., 776 P.2d 362, 365 (Colo.1989) (in banc) (other citations omitted)). Although section 5-12-102 also affords a plaintiff the opportunity to demonstrate that a higher interest rate should apply due to defendant's wrongful gain, see Ballow, 878 P.2d at 683, Mr. West asks for no more than the "default" rate of eight percent. Therefore, Mr. West is entitled to prejudgment interest at eight percent on his contract damages award, to the extent the award represents money "wrongfully withheld." Colo.Rev.Stat. 5-12-102(1)(b).
 
 
 6
 With the availability and rate of prejudgment interest clearly established by the statute as interpreted by Colorado case law, it remains for the district court to fix the date from which interest accrues (the date of the breach) and the amount of money "wrongfully withheld," Colo.Rev.Stat. 5-12-102. Lowell Staats, 878 F.2d at 1269 (holding district court required to make findings necessary to determination of prejudgment interest award). Although Mr. West asserted in his complaint that the breach occurred on November 2, 1991, there is no evidence on this point in the record on appeal. In addition, there is no evidence on Mr. West's claim for damages in the record on appeal. Mr. Meyer argued below that Mr. West put on proof of damages from November 2, 1991, up to the date of trial. R. Doc. 9 at 2. Prejudgment interest is not available "on all compensatory damages flowing from a wrongful withholding of money," however, but only on money wrongfully withheld. South Park Aggregates, Inc. v. Northwestern Nat'l Ins. Co., 847 P.2d 218, 227 (Colo.Ct.App.1992).
 
 
 7
 Therefore, we remand for a determination of the date of the breach and the amount of money wrongfully withheld, and the entry of an order awarding prejudgment interest at eight percent per annum on that amount from that date.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. West also sued Courtney-Ward & Associates, Inc., Mr. Meyer's brokerage. The district court entered judgment as a matter of law on all of Mr. West's claims against Courtney-Ward & Associates. That decision is not challenged in this appeal. Courtney-Ward & Associates requests costs and fees for being required by this court to file a response when the judgment in its favor was not appealed
 This court, not Mr. West, asked Courtney-Ward to file a brief. Courtney-Ward's brief is barely over one page of text and respectfully declines to brief the merits. Mr. West did originally indicate his intent to appeal from the district court's entry of judgment as a matter of law in favor of Courtney-Ward. His opening brief does not address any issue with respect to Courtney-Ward, however. Furthermore, a letter directed to Courtney-Ward's counsel, attached to Mr. West's reply brief, shows that he told Courtney-Ward that he was dropping the appeal as to it. Therefore, Mr. West cannot be fairly accused of bad faith. Courtney-Ward's request for costs and fees is denied.