**Janice Bailey BOWEN, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant–Appellee.**

No. 95CA0141.

Colorado Court of Appeals, Div. IV.

May 2, 1996.

Rehearing Denied June 27, 1996.

Certiorari Denied Jan. 13, 1997.

Nicholas W. Goluba, Jr., Glenwood Springs, for Plaintiff–Appellant.

Elder & Phillips, P.C., Mark R. Luff, Grand Junction, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this action for recovery of underinsured motorist (UIM) benefits, plaintiff, Janice Bailey Bowen, challenges the amount of prejudgment interest that the trial court awarded in her favor and against defendant, Farmers Insurance Exchange (Farmers). We reverse and remand with directions.

On May 6, 1989, Bowen was injured in an automobile accident. On February 14, 1992, she made demand on Farmers for UIM benefits under the policy covering the car she was driving at the time of the accident. With Farmers' consent, Bowen settled her liability claim against the underinsured driver on August 5, 1993.

In December of 1993, Farmers stipulated as to the liability of the other driver and the amount of Bowen's damages. Thereafter, a dispute arose as to the amount of UIM benefits to which plaintiff was entitled.

Bowen brought this action against Farmers for breach of contract and declaratory judgment and sought prejudgment interest pursuant to § 5–12–102(1), C.R.S. (1992 Repl. Vol. 2). The trial court awarded Bowen prejudgment interest calculated from the date of the stipulation as to liability and damages.

In this appeal, Bowen contends that the trial court erred in awarding interest from the date of the stipulation rather than from the date of the accident. In the alternative, she argues that she was entitled to interest from the date Farmers should have informed her of the available coverage, or from the date she demanded payment of UIM benefits under the policy. We agree that the trial court erred in calculating prejudgment interest.

Section 5–12–102(1), which governs the award of prejudgment interest here, states, in pertinent part:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property *from the date of the wrongful withholding* to the date of payment or to the date judgment is entered, whichever occurs first.

(b) Interest shall be at the rate of eight percent per annum ... for all moneys ... *after they are wrongfully withheld or after they become due* to the date of the payment or to the date judgment is entered, whichever occurs first. (emphasis added).

The purpose of § 5–12–102(1) is to discourage persons responsible for the settlement of claims from stalling or delaying payment until final settlement or judgment. *Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989). The statute should be given a broad, liberal interpretation. *Westfield Development Co. v. Rifle Investment Associates,* 786 P.2d 1112 (Colo.1990).

Prejudgment interest is available under the statute from the time a claim accrues, and the prevailing party is not required to establish tortious conduct on the part of the losing party in order to recover. In an action on a contract, the non-breaching party is entitled to recover interest from the time of the breach. *Mesa Sand & Gravel Co. v. Landfill Inc., supra.*

Under the policy at issue here, UIM coverage was coextensive with uninsured motorist (UM) protection. The UM provision stated, in pertinent part:

We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person....

Determination as to whether an insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between the insured person ˙ and us. If no agreement is reached, the decision will be made by arbitration.

Based on the policy language, the trial court found that prejudgment interest did not begin to accrue until the date of the stipulation because benefits were not due until either an arbitration award had been entered or the parties had reached an agreement on liability and the amount of damages.

Interpretation of a contract, including an insurance contract, is a matter of law which an appellate court reviews *de novo.*

*Union Insurance Co. v. Houtz,* 883 P.2d 1057 (Colo.1994). Here, we agree with plaintiff that the quoted policy provision concerning legal entitlement and the amount of damages merely prescribes *how* the insurer's obligation is to be determined and does not establish *when* the obligation arises.

We reject Farmers' contention that an agreement between the parties or a final arbitration decision was a condition precedent to Farmers' obligation to pay UIM benefits.

The above-quoted provision does not contain language specifying that the insurer has no liability to the insured unless or until an agreement has been reached or an arbitration proceeding completed. At a minimum, this provision is ambiguous to the extent that it can, as indicated, be read to establish only the method of determining the extent of the insurer's obligation, and not the effective date of such obligation.

Ambiguities in an insurance policy must be construed against the insurer. *American Family Mutual Insurance Co. v. Johnson,* 816 P.2d 952 (Colo.1991); *Tepe v. Rocky Mountain Hospital,* 893 P.2d 1323 (Colo.App.1994). Such a construction here leads us to reject Farmers' argument that it had no obligation to pay prejudgment interest before December 15, 1993, the date of the stipulation as to Farmers' liability and the amount of damages.

Farmers' interpretation of the policy, if adopted, would tend to encourage insurance companies to stall and delay in the payment of claims, thereby frustrating the purpose of the statute. *See Mesa Sand & Gravel Co. v. Landfill, Inc., supra.*

However, we also disagree with Bowen's primary contention that she was entitled to interest from the date of the accident. Her claim, as is evident from the complaint, is one for breach of contract. Under § 5–12–102(1)(b), C.R.S. (1992 Repl.Vol. 2), the non-breaching party is entitled to recover prejudgment interest from the date of the breach. *Mesa Sand & Gravel v. Landfill, Inc., supra.*

Since this is a suit on the policy, rather than a tort claim, the date of the accident is

not relevant to the issue of determining prejudgment interest based on a wrongful withholding. *Cf. State Farm Mutual Auto Insurance v. Springle,* 870 P.2d 578 (Colo.App. 1993) (rejecting contention that claim for UIM benefits accrued at time of accident for purposes of statute of limitations).

The breach of contract by Farmers consisted of its wrongful refusal or failure to pay following the demand made on behalf of Bowen. While the record indicates that Bowen made demand for payment under the policy on February 14, 1992, we are unable to ascertain the date of Farmers' subsequent refusal to pay.

Accordingly, we conclude that a remand is necessary for the trial court to determine the actual date of Farmers' breach by refusal to pay and also to make an award of prejudgment interest under § 5–12–102(1) from that date.

The judgment is therefore reversed, and the cause is remanded for further proceedings in accordance with this opinion.

MARQUEZ, J., concurs.

BRIGGS, J., dissents.

Judge BRIGGS dissenting.

In my view, the trial court's ruling should be affirmed. I therefore respectfully dissent.

As an initial matter, the record on appeal is insufficient to warrant reversal of the trial court's ruling.

An insurance policy is a contract and should be construed in accordance with general principles of contractual interpretation. *Wota v. Blue Cross & Blue Shield,* 831 P.2d 1307 (Colo.1992). Thus, like any other contract, the provisions of an insurance contract should not be read in isolation but rather as a whole. *See Worsham Construction Co. v. Reliance Insurance Co.,* 687 P.2d 988 (Colo. App.1984).

Plaintiff, however, has not included the complete policy in the record on appeal, making it impossible to construe the contract as a whole. Accordingly, the trial court's ruling should be presumed correct. *See Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983).

If the merits of plaintiff's claim are to be addressed based on the record before us, I would reach the same result as the trial court. Although not addressed by the parties, I reach this result because of what I believe to be the proper interplay between § 13–21–101, C.R.S. (1987 Repl.Vol. 6A), which provides for an award of interest as a part of damages from the date a personal injury action accrues, and § 5–12–102(1), C.R.S. (1992 Repl.Vol. 2), which provides for a judgment creditor to receive an award of interest from the date funds are "wrongfully withheld."

The point at which any sums may be considered to be "wrongfully withheld" by the insurer, resulting in interest accruing under § 5–12–102(1), depends in the first instance on the language of the agreement. *See Allstate Insurance Co. v. Starke,* 797 P.2d 14 (Colo.1990). The record before us includes a policy provision that states as follows:

> We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained by an injured person.... Determination as to whether an insured person is legally entitled to recover damages or the amount of the damages shall be made by agreement between the insured person and us. If no agreement is reached, the decision will be made by arbitration.

Thus, under the express terms of the insurance contract, the insured is not "legally entitled" to any amounts unless and until an agreement has been reached or an arbitration award rendered. No amount can be "wrongfully withheld" under this provision until the insured is so legally entitled.

This policy provision is similar to an indemnity provision in that any amount due from the insurer remains inchoate until it is determined whether and to what extent the insured is legally entitled to recovery from the insurer. Only then can the insured be said to have a claim for relief. *See Duncan v. Schuster–Graham Homes, Inc.,* 194 Colo. 441, 578 P.2d 637 (1978).

This is not to say that the insurer may thereby avoid any liability for interest before

the date of agreement or arbitration award. The policy here expressly provides that the insured may recover "all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Those damages include prejudgment interest as provided under § 13–21–101. *See Allstate Insurance Co. v. Starke, supra; Guin v. Ha,* 591 P.2d 1281 (Alaska 1979).

The difficulty in recovering interest arises when the damage award, with accrued prejudgment interest, exceeds the policy limitations. In that case, depending on the language in the policy, the only interest that can be recovered in excess of the policy limitation may be that accruing after the amounts payable under the policy become due. *See Allstate Insurance Co. v. Starke, supra; see generally* G. Couch, *Cyclopedia of Insurance Law* § 56:15 (2d ed.1983). Although the entire policy is not before us, the parties appear to have assumed that prejudgment interest under § 13–21–101 is part of the damages subject to the UIM policy limitation.

In my view, an insured in these circumstances should be entitled to recover from the UIM insurer interest accruing under § 13–21–101 from the date of the accident, but only to the extent the insured has purchased sufficient UIM benefits. The insured should not be able to recover any greater amount by circumventing express policy limitations on the total recovery available for damages.

The only exception would be for interest accruing after the insured is legally entitled to a recovery. For example, if the insurer refused to agree on the amount of recovery or to arbitrate after a request by the insured, the insurer would be in breach of the contract. Interest on the amount of any recovery to which the insured was entitled would then accrue under § 5–12–102(1) from the date of the breach, as the majority properly recognizes. Likewise, if the insurer delayed payment after the agreement or arbitration award, interest would accrue under § 5–12–102(1) from the date payment was due. Hence, at no time is the insurer encouraged to delay resolution in violation of the insurance contract.

Under this analysis the trial court reached the right result. It first concluded that the policy language clearly requires an agreement or arbitration award before UIM benefits are due, with interest accruing under § 5–12–102(1) from that point. This was a proper reading of the unambiguous policy provision.

The trial court further correctly reasoned that such a construction balances the respective rights of the parties. It is the insured who decides when to submit a UIM claim after an accident. If no agreement can be reached, the insured can require arbitration. All the while interest continues to accrue, but under § 13–21–101, not § 5–12–102(1). Earlier events, like the insured's demand or the insurer's refusal to pay the demand, create no breach of contract by the insurer or reasonable expectation of payment by the insured at that point. They are just steps leading to the determination expressly required in the absence of agreement: the arbitration award.

I would therefore affirm the trial court's award of interest on the judgment.