Doris E. PETERMAN, John H. Peterman, Sally Joseph, and Penny Hardrick, Plaintiffs–Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellant.

No. 99CA1162.

Colorado Court of Appeals, Div. III.

May 25, 2000.

Harshman & McBee, Donald L. McBee, Grand Junction, Colorado; Law Office of Steven Taffet, Steven Taffet, Boulder, Colorado, for Plaintiffs–Appellees.

James R. Alvillar & Associates, James R. Alvillar, Leslie A. Goldstein, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, State Farm Mutual Automobile Insurance Company, an Illinois corporation (the insurer), appeals the trial court's award of prejudgment and postjudgment interest to plaintiffs, Doris E. Peterman, John H. Peterman, Sally Joseph, and Penny Hardrick (the insureds). We affirm.

The insureds were injured in an automobile accident with an uninsured driver. The insureds brought an action against the uninsured driver, notified the insurer of the action, and obtained a default judgment against the uninsured driver well in excess of their uninsured motorist coverage. Insureds then immediately filed a demand with the insurer for payment of the policy limit, $300,000, which was refused. In refusing to pay, the insurer stated that the insureds had failed to comply with both the arbitration and consent to sue clauses in their policy.

Insureds then commenced litigation against the insurer alleging breach of contract and insurance bad faith. Insureds obtained a judgment against the insurer that included interest at the statutory rate from the date they notified the insurer of the default judgment. Section 5–12–102, C.R.S. 1999; *see Peterman v. State Farm Mutual Automobile Insurance Company*, 948 P.2d 63 (Colo.App.1997), *rev'd*, 961 P.2d 487 (Colo. 1998) (*Peterman I* ).

In *Peterman I*, the supreme court held that the insurer was legally compelled to intervene in the action brought by the insured against the uninsured driver, and that by failing to do so, the insurer was bound by the trial court's determination of liability and damages. It further held that the insurer had waived its right to arbitrate.

The insurer then paid insureds the policy limits in partial satisfaction of the judgment, objected to paying any interest on that

amount, and requested that the trial court determine the amount of interest it owed, if any. The trial court awarded insureds prejudgment and postjudgment interest, pursuant to § 5–12–102, C.R.S.1999. This appeal followed.

## I.

The insurer argues that the trial court erred in awarding the insureds prejudgment interest.

### A.

■ The insurer first argues that the trial court erred because it (1) failed to make the requisite finding that the insurer wrongfully withheld the uninsured motorist benefit or (2) failed to make a determination that an award of prejudgment interest was equitable under the circumstances.

A trial court's findings of fact are binding on review unless they are clearly erroneous and not supported by the record. *Bohrer v. DeHart*, 969 P.2d 801 (Colo.App.1998).

Section 5–12–102 states in relevant part:

(1) Except as provided in section 13–21–101, C.R.S., when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant,

(b) Interest shall be at the rate of eight percent per annum compounded annually. . . .

■ Section 5–12–102 governs prejudgment interest on damages from the date of wrongful withholding. In the case of a general verdict, the court is required to make findings regarding the basis upon which damages were due. *Pierson v. United Bank*, 754 P.2d 431 (Colo.App.1988). The trial court's findings should be clearly ascertainable from uncontroverted facts. *Coleman v.* *United Fire and Casualty Co.*, 767 P.2d 761 (Colo.App.1988).

Here, in finding that the insureds were entitled to prejudgment interest, the trial court stated that (1) insureds kept the insurer informed of their litigation against the uninsured motorist, (2) the insurer failed to object to, or participate in, the litigation, and (3) case law existing at the time the insurer refused to pay the insureds' judgment should have placed the insurer on notice of the validity of the insureds' position. The trial court further concluded that the insurer had wrongfully withheld the uninsured motorist benefits commencing on the date the insureds obtained their default judgment and made demand on the insurer.

■ The insurer takes the position that in order for a withholding of payment to be wrongful it must be tortious or in bad faith. The holding of a division of this court in *Cooper v. Peoples Bank and Trust Co.*, 725 P.2d 78 (Colo.App.1986), is directly to the contrary. In *Cooper*, the court held that the failure of a bank to deliver a warranty deed when it was due under a contract was a sufficient basis to constitute a wrongful withholding of property entitling the buyers to interest from the date of the bank's failure. Under the statute, a wrongful withholding only requires the failure to pay or deliver money or property when there is an obligation to do so.

Therefore, in our view, the trial court made the requisite findings with support in the record that the insurer's refusal to pay constituted a wrongful withholding under § 5–12–102.

### B.

■ The insurer next contends that the payment of the $300,000, the policy limit, precluded an award of prejudgment interest. We disagree.

Specifically, the insurer argues that the extent of its liability is governed by the provisions in the uninsured motorist policy, which states that the insured will pay damages for *bodily injury*, for which the insureds had purchased $300,000 worth of coverage under the contract.

The insurer also argues that its liability is limited to the policy limits by the operation of § 10–4–609, C.R.S.1999, which states, in pertinent part, as follows:

(4) Uninsured motorist coverage shall include coverage for damage for bodily injury or death which an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle....

(a) Less than the limits for uninsured motorist coverage under the insured's policy; or

(b) Reduced by payments to persons other than an insured in the accident to less than the limits of uninsured motorist coverage under the insured's policy.

(5) The maximum liability of the insurer under the uninsured motorist coverage provided shall be the lesser of:

(a) The difference between the limit of uninsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or

(b) The amount of damages sustained, but not recovered.

The insurer's uninsured motorist policy states the following:

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

. . . .

The amount of bodily injury liability coverage is shown on the declarations page.... Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage ... for all damages due to *bodily injury* to two or more *persons* in the same accident. (emphasis in original)

The insureds' policy does not contain any provision for prejudgment interest.

Here, in order to determine whether an award of prejudgment interest in excess of the policy limit is proper, we must determine whether the prejudgment interest is a damage item originating from the bodily injury claim or from the insurer's breach of the insurance contract. Because this issue concerns a question of law, review is *de novo. City and County of Denver v. Powell,* 969 P.2d 776 (Colo.App.1998).

One who is damaged by a breach of contract is entitled under § 5–12–102 to interest from the date of the breach. *Allabashi v. Lincoln National Sales Corp. of Colorado–Wyoming,* 824 P.2d 1 (Colo.App.1991). In addition, the purpose of statutory interest is to discourage delaying payment of a claim. *Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989).

In *Bowen v. Farmers Insurance Exchange,* 929 P.2d 14 (Colo.App.1996), the insured and the insurer disagreed over the amount of underinsured motorist benefits to which the insured was entitled. The insured sued the insurer for breach of contract, declaratory judgment, and requested prejudgment interest. The trial court awarded prejudgment interest from the date of the parties' stipulation to the tortfeasor's liability and damages, and the insured appealed. A division of this court held that an insurer is liable for prejudgment interest pursuant to § 5–12–102 for underinsured motorist coverage from the date of the insurer's wrongful refusal or failure to pay, notwithstanding an arbitration provision. *Bowen* did not decide, however, whether there is an obligation to pay prejudgment interest in excess of the coverage.

We find persuasive the Iowa Supreme Court's holding in *Vasquez v. LeMars Mutual Insurance Co.,* 477 N.W.2d 404 (Iowa 1991), that prejudgment interest was not subject to the liability limits of an underinsured motorist policy because the dispute between the insured and the insurer was a contract dispute, not a personal injury claim.

In *Vasquez,* an underinsured driver injured the insured who filed a claim against his own insurance company for underinsured coverage. In addressing the issue of prejudgment interest, the Iowa court distinguished the breach of contract action from a tort action brought by a third-party claimant against the insured. The court held that the prejudgment interest awarded in the con-

tract action was not damages arising out of the accident but rather damages arising out of the insurer's breach of the insurance contract. Thus, awarding prejudgment interest in excess of policy limits was appropriate.

Here, as in *Vasquez,* the insureds brought a breach of contract and insurance bad faith action against the insurer after obtaining a judgment against the uninsured motorist. There are, in our view, several compelling reasons to warrant application of the approach adopted in *Vasquez.* First, unlike the third party personal injury action, the contract action against the insurer concerns wrongdoing on the part of the insurer itself. Secondly, had the insurer performed under the contract, the insured would have had the benefit of interest on the monies rather than the insurer. Finally, adopting the contrary position removes any incentive for the insurer to pay the judgment promptly.

Although we are persuaded by the rationale of *Vasquez v. LeMars Mutual Insurance Co., supra,* we note that several courts have disagreed with, or declined to follow it, primarily on the grounds that the distinction between a contract and tort action is meaningless in this circumstance. *See Lessard v. Milwaukee Insurance Co.,* 496 N.W.2d 852 (Minn.App.1993); *Woods v. Farmers Insurance of Columbus,* 106 Ohio App.3d 389, 666 N.E.2d 283 (1995); *Carney v. State Farm Mutual Automobile Insurance Co.,* 877 P.2d 1113 (Okla.1994).

We hold that an uninsured motorist carrier can be required to pay prejudgment interest in excess of the uninsured motorist limits in an action brought by an insured for breach of contract for failure to pay uninsured motorist coverage after the amount has been determined.

The insurer relies on two cases, *Allstate Insurance Co. v. Allen,* 797 P.2d 46 (Colo. 1990), and *Starke v. Allstate Insurance Co.,* 771 P.2d 3 (Colo.App.1988), *rev'd,* 797 P.2d 14 (Colo.1990), to support its assertion that, in Colorado, prejudgment interest in excess of an insurer's policy limits is not awardable. We do not read these cases as compelling a different result under the circumstances presented here, as they concern an award of prejudgment interest to third parties and against the insured.

Nor is a different result mandated by *Swan v. American Family Mutual Insurance Co.,* 8 P.3d 546 (Colo.App.2000), in which a division of this court held that an uninsured motorist insurer is not liable for prejudgment interest from the date of the injury until the date of the award in excess of the policy limit.

The trial court did not err in awarding prejudgment interest in excess of the policy limit.

## II.

■ The insurer next argues that the trial court erred in awarding postjudgment interest pursuant to § 5–12–102(4)(b) rather than § 5–12–106(1)(b), C.R.S.1999, which governs postjudgment interest in the event of an appeal. We agree that the trial court relied on the wrong statute but, as the actual interest payable is the same under both statutes, we see no reversible error.

Section 5–12–102(4)(b) provides in relevant part:

> Except as provided in section 5–12–106, creditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof is made either:
>
> . . . .
>
> (b) In all other cases where no rate is specified, at the rate of eight percent per annum compounded annually.

Section 5–12–106 provides for an annually calculated postjudgment interest based on the discount rate while the matter is on appeal should the judgment debtor appeal. It states in relevant part:

> If a judgment for money in a civil case is appealed by a *judgment debtor* and the judgment is affirmed, interest ... [at a rate to be ascertained, on an annual basis, by the Colorado secretary of state] shall be payable from the date of entry of judg-

ment in the trial court until satisfaction of the judgment and shall include compounding of interest annually. (emphasis added)

The insurer argues that, had postjudgment interest been awarded under § 5–12–106(1)(b), the insureds would not be entitled to postjudgment interest from March 20, 1996, the date of the trial court's order, to June 29, 1998, the date the supreme court reversed the court of appeals, affirming the trial court. Essentially, the insurer argues that it is excused from the obligation to pay postjudgment interest during the period its appeal was pending in this court because the appeal was successful, and that, subsequently, it is excused from post-judgment interest during the period the insured's appeal was pending in the supreme court as that appeal was commenced by the insured.

The insurer's appeal from the trial court to this court, and the insureds' appeal from this court to the supreme court, are, for the purposes of the statute, one unsuccessful appeal commenced by the insurer as the judgment debtor.

Section 5–12–106 does not, in any case, provide for a cessation of interest during the appeal of a judgment that is affirmed. *Indian Mountain Metropolitan Recreation and Park Dist. v. J.P. Campbell and Associates,* 921 P.2d 65 (Colo.App.1996).

Therefore, interest is payable while the appeal was pending in both this court and the supreme court. Because the interest rate is presently the same under both statutes, the error in awarding interest under § 5–12–102 is not reversible.

Order affirmed.

Judge NEY and Judge DAVIDSON concur.