**Richard Ernest PARKER, Plaintiff–Appellee and Cross–Appellant,**

v.

**USAA, Defendant–Appellant and Cross–Appellee.**

Nos. 05CA2361, 05CA2569.

Colorado Court of Appeals, Div. III.

May 3, 2007.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Retherford, Mullen, Johnson & Bruce, LLC, Lori M. Moore, Colorado Springs, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge TAUBMAN.

Defendant, USAA, appeals the order for prejudgment interest entered in favor of plaintiff, Richard Ernest Parker, asserting the trial court erred in applying a nine percent statutory interest rate to a judgment arising from a claim for underinsured motorist (UIM) benefits. Parker cross-appeals the denial of interest on an amount paid by the

tortfeasor's insurer and the denial of certain costs. We affirm the order as to interest and affirm in part and reverse in part as to costs.

Parker and others were injured in a motor vehicle chain reaction accident caused by Steven Maxwell, whose liability insurance was limited to $50,000. Several weeks after the accident, Parker notified his own insurer, USAA, of his UIM claim. He later filed a complaint against Maxwell, alleging Maxwell drove negligently and caused his injuries, and he filed a third-party complaint against USAA for UIM coverage.

Maxwell's insurer paid the $50,000 liability limit into the court's registry fund, and, pursuant to a settlement among the injured parties, $12,500 of this amount was later distributed to Parker.

During trial, a juror requested time to visit a family member in the hospital. The court postponed the trial for several days, and Parker was forced to reschedule three expert witnesses, incurring additional witness fees.

After a mistrial was declared, the parties stipulated that the court would determine liability and damages based upon the trial transcript.

The court ruled in favor of Parker, holding USAA was liable for $201,000, plus nine percent prejudgment interest and certain costs, but denying other costs requested by Parker. After filing its notice of appeal regarding prejudgment interest, USAA paid the entire judgment, including prejudgment interest at nine percent.

Parker then filed a motion in this court, requesting an order to show cause why USAA's appeal of the judgment was not moot because it had already satisfied the judgment, including the disputed interest. USAA filed a response, and a motions division of this court denied Parker's motion.

According to USAA, the amount of disputed interest is about $42,000.

## I. Mootness

As a preliminary matter, Parker maintains this case is moot because USAA satisfied the judgment, including the contested amount of interest and, therefore, we should revisit the motions division's ruling on that issue. We agree with the motions division that this case is not moot.

■ Although we generally decline to revisit rulings by the motions division, we may reconsider jurisdictional issues. *FSDW, LLC v. First Nat'l Bank*, 94 P.3d 1260, 1262 (Colo.App.2004) (holding court of appeals could review decision of motions division). Here, because Parker's contention, if correct, would lead to the conclusion that satisfaction of the judgment would render the appeal moot, *see Van Schaack Holdings, Ltd. v. Fulenwider*, 768 P.2d 740 (Colo.App.1988), and the motions division did not explain its ruling, we address the issue of mootness.

■ The acceptance-of-benefits doctrine provides that a party who accepts an award under a judgment waives the right to any review of the adjudication which would put at issue the right to the benefit accepted. *HealthONE v. Rodriguez*, 50 P.3d 879, 886–87 (Colo.2002); *see also Potter v. State Farm Mut. Auto. Ins. Co.*, 21 P.3d 874, 875 (Colo. App.2001). However, there are several exceptions to the acceptance-of-benefits doctrine. *HealthONE v. Rodriguez, supra*, 50 P.3d at 887.

■ As relevant here, the doctrine does not apply unless the parties intended to settle their claims. *Main Elec., Ltd. v. Printz Servs. Corp.*, 980 P.2d 522, 528 (Colo.1999). The Colorado Supreme Court explained that where a party accepts an award "it is 'the mutual manifestation of an intention to bring the litigation to a definite conclusion upon a basis acceptable to all parties' which bars a subsequent appeal, and not the fact, standing alone, that benefits under the judgment were accepted." *Main Elec., Ltd. v. Printz Servs. Corp., supra*, 980 P.2d at 528 (quoting *United States ex rel. H & S Indus., Inc. v. F.D. Rich Co.*, 525 F.2d 760, 764 (7th Cir.1975)).

■ Here, the trial court awarded Parker $201,000 plus nine percent interest from the date of the occurrence and costs. Pursuant to C.R.C.P. 62(d), USAA filed a supersedeas bond in the amount of $93,000 to stay the execution of the judgment pending appeal. Several months later, USAA paid Parker the entire judgment ($201,000), two interest pay-

ments totaling $69,074.23 ($13,556 and $55,518.23), and costs of $13,111, and moved the court to release the supersedeas bond. USAA did not mention the pending appeal in its motion for release of the supersedeas bond.

Parker acknowledged receipt of the $201,000 in a partial satisfaction of judgment, stating, "This does not represent full payment of the judgment and does not include interest or costs, but is a partial satisfaction."

In a second partial satisfaction of judgment, Parker acknowledged receipt of $13,556 in interest.

Finally, he filed a third partial satisfaction of judgment acknowledging receipt of $55,518.23 in interest, but stating, "The proper calculations of the judgment and interest are pending on appeal. This Partial Satisfaction of Judgment does not include these calculations that are currently on appeal."

Under these circumstances, we conclude the appeal is not moot, because Parker proceeded as though the proper rate of prejudgment interest was still in dispute. *See Main Elec., Ltd. v. Printz Servs. Corp., supra,* 980 P.2d at 528.

## II. USAA's Appeal of Prejudgment Interest

USAA asserts the trial court erred in determining the amount of prejudgment interest it owed Parker. We disagree. Here, the dispositive issue is whether a UIM claim is contractual, accruing interest at a rate of eight percent from the date the monies were owed, or based on tort, accruing interest at the rate of nine percent from the date of the accident. We agree with the trial court that Parker's claim was based on a tort, and thus, he is entitled to prejudgment interest at the rate of nine percent.

This case presents a question of statutory construction which we review de novo. *Dillard v. Indus. Claim Appeals Office,* 134 P.3d 407 (Colo.2006). The issue presented here does not appear to have been addressed squarely in reported appellate cases. *Cf. Schnacker v. State Farm Mut. Auto. Ins. Co.,* 843 P.2d 102, 104 (Colo.App.1992) (citing both statutes at issue here, but in context of

bad faith insurance claim where plaintiff was third-party claimant).

In interpreting a statute, a reviewing court must determine and put into effect the intent of the legislature. *People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000). We start with the language of the statute. If its language is clear, we interpret the statute according to its plain and ordinary meaning. *Vaughan v. McMinn,* 945 P.2d 404, 408 (Colo.1997). In so doing, we construe the statute as a whole, in an effort to give "consistent, harmonious and sensible effect to all its parts." *Carlson v. Ferris,* 85 P.3d 504, 508 (Colo.2003) (quoting *People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002)).

### A. Plain Language

Section 5–12–102, C.R.S.2006, provides a statutory interest rate for the accrual of damages and has generally been applied to actions for contract and property damage. *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 133 (Colo.2005). It states:

(1) *Except as provided in section 13–21–101, C.R. S.,* when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant,

(b) Interest shall be at the rate of *eight percent per annum* compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs.

Section 5–12–102 (emphasis added). Thus, a prevailing party on a claim for wrongful withholding is entitled to eight percent interest from the date the property was wrongfully withheld or monies were owed.

However, the statute's first sentence states that it does not apply if § 13–21–101, C.R.S. 2006, applies. That statute, in turn, provides:

*In all actions brought to recover damages for personal injuries* sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed. . . . When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated *at the rate of nine percent per annum* . . . . On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, whether prejudgment or postjudgment, shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.

Section 13–21–101(1), C.R.S.2006 (emphasis added).

This statute applies to determine prejudgment interest as an element of damages in tort actions for personal injuries at a rate of nine percent from the date of the accident. *Farmers Reservoir & Irrigation Co. v. City of Golden, supra,* 113 P.3d at 133.

A UIM claim involves aspects of both tort and contract law. While an insurance policy is a contract, *see Bloom v. Wolfe,* 37 Colo. App. 407, 411, 547 P.2d 934, 938 (1976), a claim for UIM benefits may be premised upon a tort claim for bodily injury. *See Allstate Ins. Co. v. Starke,* 797 P.2d 14, 20–21 (Colo.1990) ("Based as it is on the compensation awarded for bodily injury, prejudgment interest arises out of bodily injury and therefore is comprehended within the bodily inju-

ry coverage of the [insurance] policy and subject to its limit.").

The plain language of § 13–21–101 states that it applies to "all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person." Here, the complaint set forth claims for damages based upon Maxwell's negligence in causing Parker's injuries. Accordingly, Parker's UIM claim was for damages resulting from the tort of another person, even though it also involved the contract with his insurer, USAA.

Furthermore, even if we assume that it is not clear whether Parker's claim is based on tort or contract, the exclusionary clause of § 5–12–102 mandates that § 13–21–101 applies here.

■ Our conclusion is also supported by the legislative intent of Colorado's UIM insurance statute. Section 10–4–609(1)(a), C.R.S.2006, provides that in offering an insurance policy to a potential insured, the insurer must offer the insured an opportunity to purchase UIM protection. The supreme court has held the statute and its legislative history demonstrate "an unflagging legislative intent to assure that motorists in this state are afforded an opportunity to protect themselves from losses resulting from the negligent conduct of financially irresponsible operators of motor vehicles." *Passamano v. Travelers Indem. Co.,* 882 P.2d 1312, 1321 (Colo.1994). In addition, "the General Assembly intended to enable an injured insured to recover for loss caused by an underinsured motorist *to the same extent* that the injured insured would recover for damages caused by an uninsured motorist." *Shelter Mut. Ins. Co. v. Thompson,* 852 P.2d 459, 463 (Colo.1993) (emphasis added); *see also State Farm Mut. Auto. Ins. Co. v. Brekke,* 105 P.3d 177, 184 (Colo.2004).

When a driver seeks recovery for injuries sustained in an automobile accident in a direct action against the tortfeasor, the driver is entitled to nine percent interest from the date the action accrued. Section 13–12–101. Because prejudgment interest is an element of damages, *see Farmers Reservoir & Irriga-*

*tion Co. v. City of Golden, supra,* 113 P.3d at 133, it would contravene the legislative intent of UIM insurance to apply a different measure of prejudgment interest in cases where the tortfeasor has insufficient insurance to compensate the driver for injuries. Applying § 5–12–102 to determine prejudgment interest on UIM claims would thus deprive the insured of damages the insured would have received from a fully insured tortfeasor.

Therefore, we hold that § 13–21–101 applies to judgments based on claims for UIM benefits resulting from personal injuries.

B. Case Law Addressing Only § 5–12–102

USAA relies on *Peterman v. State Farm Mutual Automobile Insurance Co.,* 8 P.3d 549, 551 (Colo.App.2000); *Bowen v. Farmers Insurance Exchange,* 929 P.2d 14, 16–17 (Colo.App.1996); and *Allstate Insurance Co. v. Starke, supra.* We conclude those cases are distinguishable because none of them squarely addressed the issue of which statute should be used to determine prejudgment interest on a claim for UIM benefits based upon injuries caused by a tortfeasor.

In *Peterman,* a plaintiff was injured in an automobile accident by an uninsured driver, brought an action against the driver, and obtained a default judgment. The UIM insurer refused to pay under its policy, and the plaintiffs filed suit against the insurer, asserting breach of contract and insurance bad faith. *Peterman v. State Farm Mut. Auto. Ins. Co., supra.*

The plaintiffs obtained a judgment against the insurer, including interest under § 5–12–102, and the supreme court affirmed. *Peterman v. State Farm Mut. Auto. Ins. Co.,* 961 P.2d 487 (Colo.1998).

The insurer paid the plaintiffs the policy limits but objected to paying any interest. The trial court awarded prejudgment and postjudgment interest, and the insurer appealed. A division of this court held that a UIM carrier can be required to pay prejudgment interest in excess of the UIM policy limits. *Peterman v. State Farm Mut. Auto. Ins. Co., supra,* 8 P.3d at 553.

In so doing, the division also noted that § 5–12–102 "governs prejudgment interest

on damages from the date of wrongful withholding." *Peterman v. State Farm Mut. Auto. Ins. Co., supra,* 8 P.3d at 551. However, the division did not address whether § 13–21–101 applies to claims for UIM benefits arising from personal injuries caused by a tortfeasor.

In *Bowen,* an injured driver made a demand for UIM benefits, and the insurer stipulated to the liability of the underinsured driver. However, a dispute arose as to the correct amount of UIM benefits. Bowen was awarded a judgment including prejudgment interest pursuant to § 5–12–102, calculated from the date the insurer stipulated to liability. A division of this court held that Bowen was entitled to interest from the date of the accident. *Bowen v. Farmers Ins. Exch., supra,* 929 P.2d at 16.

As in *Peterman,* the *Bowen* division did not address whether § 13–21–101 was the proper statute to determine prejudgment interest for claims against insurance companies based on nonpayment of UIM benefits.

In *Starke,* the supreme court interpreted the terms of a UIM insurance policy to preclude prejudgment interest in excess of policy limits. *Allstate Ins. Co. v. Starke, supra,* 797 P.2d at 20–21. However, that case also did not address the issue at hand.

### III. Cross–Appeal

On cross-appeal, Parker contends the trial court abused its discretion by not awarding prejudgment interest on the damages paid by Maxwell's insurer and by denying certain costs. We disagree as to prejudgment interest and agree as to certain costs.

A. Interest on Maxwell's Settlement

 Parker asserts the trial court erred in refusing to award nine percent interest on the $12,500 he recovered against Maxwell's insurer prior to trial because, he asserts, he is entitled to the same measure of damages against USAA as he was entitled to against Maxwell. We disagree.

 When a party accepts a settlement, the trial court is precluded from adding prejudgment interest to the amount agreed upon

by the parties. *Carpentier v. Berg,* 829 P.2d 507, 509 (Colo.App.1992).

Here, Maxwell's insurance policy limit was $50,000. His insurer tendered this sum to the court, and Parker accepted $12,500 of that amount, without asserting that Maxwell or his insurer was liable for prejudgment interest in excess of policy limits. Parker then pursued his UIM claim against USAA. By accepting the payment without reservation, Parker is precluded from recovering prejudgment interest on that sum from USAA.

## B. Costs

Parker argues the trial court abused its discretion in denying mandatory settlement conference costs, the costs of the trial transcript, copying and postage costs, and expert witness fees. We agree, except as to expert witness fees.

■ A prevailing plaintiff is entitled to recover costs against the defendant. Section 13–16–104, C.R.S.2006. The award of costs to a prevailing party pursuant to § 13–16–104 is mandatory. *Nat'l Canada Corp. v. Dikeou,* 868 P.2d 1131, 1139 (Colo.App.1993).

■ Allowable costs include court filing fees, fees for transcripts necessarily obtained for use in the case, witness fees, and copying and exhibit fees. Section 13–16–122, C.R.S. 2006. However, this list is illustrative and not exclusive. *Cherry Creek Sch. Dist. No. 5 v. Voelker,* 859 P.2d 805, 813 (Colo.1993).

■ In general, the trial court has discretion in the awarding of costs. *Cherry Creek Sch. Dist. No. 5 v. Voelker, supra.* The court may disallow certain requested costs as unreasonable so long as the court includes in the record its reasons for doing so. *Bennett v. Hickman,* 992 P.2d 670, 673 (Colo.App.1999).

### 1. Settlement Conference

A mandatory settlement conference is not specifically enumerated as an awardable cost in § 13–16–122. In *Cherry Creek School District No. 5 v. Voelker, supra,* the supreme court determined that even though discovery depositions were not enumerated in § 13–16–

122, they should be awarded as costs where "reasonably necessary for the development of the case." *Cherry Creek Sch. Dist. No. 5 v. Voelker, supra,* 859 P.2d at 813. A division of this court likewise held that computerized research costs are recoverable so long as the research was necessary for trial preparation. *Roget v. Grand Pontiac, Inc.,* 5 P.3d 341, 349 (Colo.App.1999).

■ Here, the court required the parties to participate in a settlement conference prior to proceeding to trial. Because the court made this cost necessary for the litigation of the case, Parker was entitled to recover the settlement conference costs.

### 2. Court Transcript

■ Here, after the jury trial resulted in a mistrial, the parties stipulated that the court would determine the issues of liability based upon the trial court transcript. The trial court found the parties agreed to share the cost of preparing the transcript. The record reflects the following:

[Parker]: USAA has agreed to pay for the transcript.

[USAA]: USAA has not agreed to pay for the transcript

[Parker]: Why don't we agree to initially split it, let it be costs in the action.

Court: Okay. Well, then is there anything else we need to do?

The transcript reflects that Parker offered to split the cost of the transcript and proposed that they would be awarded to the prevailing party. Although USAA did not expressly assent, Parker asserts that it acquiesced in his proposal.

We need not resolve the issue on this basis because § 13–16–122(1)(d), C.R.S.2006, includes as recoverable costs "[a]ny fees of the court reporter for all or any part of a transcript necessarily obtained for use in this case." By stipulating that the court determine liability based upon the trial transcripts, the parties reduced the costs of litigation by avoiding a retrial. However, the court needed the trial transcript to consider all the testimony. Therefore, the trial transcript was necessarily obtained for use in the

case, and the cost of preparing it was recoverable.

### 3. Copies, Postage, and Exhibits

Parker next argues the trial court abused its discretion in denying costs for copies, postage, and exhibits. We agree.

Costs may include expenses for exhibits, copies, and deliveries. *Harvey v. Farmers Ins. Exch.*, 983 P.2d 34, 42 (Colo.App.1998), *aff'd sub nom. Slack v. Farmers Ins. Exch.*, 5 P.3d 280 (Colo.2000). A court may deny unreasonable costs if it provides the reasons therefor. *Bennett v. Hickman, supra,* 992 P.2d at 673.

Here, the trial court denied these costs without explanation. Furthermore, USAA does not argue on appeal that these costs are unreasonable. Therefore, we conclude Parker is entitled to costs for copies, postage, and exhibits.

### 4. Expert Witnesses

Parker contends the trial court abused its discretion in reducing his expert witness fees. We disagree.

The trial court has discretion over the awarding of costs. *Cherry Creek Sch. Dist. No. 5 v. Voelker, supra.* Expert fees may be included as costs "to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required." Sections 13–16–122(1)(e), 13–33–102(4), C.R.S.2006.

Although Parker contends the postponement of the trial required him to incur additional fees for his experts, we conclude it was within the trial court's discretion to reduce the expert witness fees awarded to Parker.

### IV. Conclusion

The order is affirmed to the extent it imposes nine percent prejudgment interest on the judgment, denies prejudgment interest on the pretrial settlement of $12,500, and reduces expert witness fees. The order is reversed to the extent it denies all other costs, and the case is remanded with directions to enter an award of costs against

USAA for the settlement conference, the trial transcript, copying, postage, and exhibits.

Judge WEBB and Judge ROMÁN concur.